17643.   WINDER NATIONAL BANK, administrator, v.
ÆTNA LIFE INSURANCE COMPANY.

1. Where the holder of a policy of life insurance has by its terms a vested
contract right to reinstatement, conditioned only upon payment of ar-
rears of premiums and advances made on the policy, with interest, and
"upon evidence of insurability satisfactory to the company" (*Rome In-
dustrial Ins. Co.* v. *Eidson*, 142 *Ga.* 253, 82 S. E. 641), such vested right
can not be impaired or limited by subsequent conditions contained in
the application for reinstatement furnished by the insurer.
2. Where a policy of insurance provides that it may be reinstated within
five years after default in any premium payment, upon evidence of
insurability satisfactory to the company and by payment of arrears of
premiums, with interest at the rate of six per cent. per annum, and
by payment or readjustment of whatever indebtedness to the company
existed on the policy at the date of default, with interest from that
date, the reinstatement, when thus effected, revives the original con-
tract and relates back to the date of default. In such a "reinstate-
ment of a lapsed policy, no statement of intermediate changes need be
made unless required." 1 May on Insurance (4th ed.), § 190, p. 387.
Thus, when the policy contains no provision that the insured should be
in sound health on delivery of the reinstatement receipt, or on pay-
ment of the arrears, such as might cover any unsoundness of health
arising between the date of the application for reinstatement and the
acceptance of such application (*National Life &c. Ins. Co.* v. *Martin*, 35
*Ga. App.* 1, 2 (132 S. E. 120) ; Modern Woodmen of America v. Atkinson,
153 Ky. 527 (155 S. W. 1135) ; Priest v. Kansas City Life Ins. Co., 116
Kan. 421 (227 Pac. 538) ; Fairfield v. Union Life Ins. Co., 196 Ill. App.
7, 15), the fact that the insured did not, of his own volition, inform the
company of a change in his health between the date of the application
for reinstatement and the acceptance of the application and of the ar-
rears was not a fraud upon the company which would vitiate the rein-
statement; nor would such a change in health ipso facto avoid the
policy or render the reinstatement ineffectual. New York Life Ins. Co.
v. Moats, 207 Fed. 481; Insurance Co. v. Higginbotham, 95 U. S. 380,
383 (24 L. ed. 499). The rule is that where the intention of the par-
ties is that the contract of insurance, or the contract for reinstatement
of insurance, shall relate back to the date of the application, or to the
date of default, a change in the insurable status of the applicant after
the application for insurance, or for reinstatement of insurance, can
not vitiate the contract when actually consummated. In such cases
the doctrine of continuing representation is eliminated by the intention
of the parties as expressed by their contract. 1 Joyce on Insurance,
§ 97c. In the instant case, since the evidence of insurability as fur-
nished by the applicant for reinstatement was satisfactory to the com-
pany, its acceptance of the application for reinstatement and its accept-

Appeal and Error, 3 C. J. p. 433, n. 7; 4 C. J. p. 650, n. 37.
Insurance, 32 C. J. p. 1152, n. 94, 95; p. 1155, n. 5.
Life Insurance, 37 C. J. p. 496, n. 13; p. 497, n. 22; p. 498, n. 30, 40
New; p. 502, n. 30.

ance of the arrears of premiums and loans caused the original contract of insurance to become reinstated from the date of default. It follows that the court erred in directing a verdict for the defendant on the theory that the contract for reinstatement had never become effective.

3. The above ruling being controlling upon the question of reinstatement, it is unnecessary to deal with the various exceptions relating to that proposition. No adjudication having been made with reference to attorney's fees or upon the question of double indemnity under the terms of the policy, the issues relating to these questions are not here considered.

DECIDED APRIL 16, 1927.

Complaint on life policy; from Barrow superior court—Judge W. L. Hodges presiding. July 27, 1926.

Application for certiorari was made to the Supreme Court.

*Rollin H. Kimball, John B. Gamble,* for plaintiff.

*Green & Michael, G. A. Johns,* for defendant.

JENKINS, P. J.    Oscar L. Casey held three policies of life insurance in the Ætna Life Insurance Company, all of which had lapsed for nonpayment of premiums, and each of which contained the following provision: "Within five years after default in any premium payment, if this policy has not been surrendered it may be reinstated upon evidence of insurability satisfactory to the company, and by payment of arrears of premiums with interest at the rate of six per cent. per annum, and by payment or reinstatement of whatever indebtedness to the company existed hereon at the date of default with interest from that date." On May 31, 1922, Casey applied for reinstatement of these policies, signing an application for reinstatement which contained the following provision: "I further agree that said contract shall not be considered reinstated by reason of any cash paid or settlement made in connection with this application unless this application is approved for reinstatement by an executive officer of the company at its home office, and the payment of the full amount of all unpaid premiums and interest made within thirty-one days from the date of the company's reinstatement receipt and before said receipt properly signed by an executive officer is actually delivered to me, and then on the express condition that I am in sound health on the date of said delivery, which I expressly represent myself to be by accepting said receipt." At the time of the execution of the application for reinstatement Casey was in sound health. On June 10, 1922, he was injured, receiving a blow from a plow-han-

dle, from which injury he developed complications which resulted
in his death on August 6, 1922. The application for reinstate-
ment was approved by the insurance company on July 14, 1922,
and on July 29, 1922, payment of all arrears due under the poli-
cies was made by the Winder National Bank at the request of the
wife of the insured, and accepted by the company. After the
death of the insured the company tendered back to his adminis-
trator the sum paid, and it was refused. The administrator
brought suit on the policies for the full value thereof, including
the double indemnity provided in case of death by accident, penal-
ties, and attorney's fees. On motion of counsel for the defendant
the court directed a verdict for the defendant; to which action
exception is taken.

With reference to the ruling made in the first division of the
syllabus, counsel for the defendant contend that the provisions set
forth in the application for reinstatement furnished by the insur-
ance company were not contrary to the original policy, and did not
add any new conditions, the argument being that the stipulation
embodied in the application, to the effect that the applicant must be
in sound health on the date the reinstatement receipt is delivered,
is but a setting forth in detail of what is meant by the policy in
providing that the applicant must furnish evidence of insurability
satisfactory to the company. We are unable to agree with coun-
sel in this interpretation of the provisions contained in the policy
itself. It is thoroughly well established that provisions in a pol-
icy of insurance must be construed against the company; and even
were it conceded that the provision referred to is susceptible of
more than one construction, "insurance policies are prepared and
proposed by the insurers; and, where such a contract is capable of
being construed in two ways, that interpretation must be placed
upon it which is most favorable to the insured." *State Mutual
Life Ins. Co.* v. *Forrest,* 19 *Ga. App.* 296 (91 S. E. 428). As
will be seen from what is said in the second division of the sylla-
bus, there are two outstanding lines or forms of insurance, one
where the protection dates from the date of the issuance or delivery
of the policy, and the other where it dates from the date of the
application. In the instant case the terms of the policy itself in
no wise indicate that it was intended that protection should be

45

resumed from the date when the application for reinstatement was accepted, but on the contrary it clearly appears that the original policy of insurance should be reinstated and the premiums paid from the time it became lapsed or suspended. Accordingly, if it had been intended to provide for any change in the condition of the insured between the date of the application for reinstatement and the time when acceptance of the reinstatement was effective, the policy itself should have so provided. There being nothing in the policy to indicate that the reinstatement should be effective only from the date when the reinstatement receipt was delivered, such a provision as contained in the application sought to add a material new condition to the original contract. The insured having a vested contract right to reinstatement according to the terms of the policy itself, the rights there given him could not be subsequently impaired by such a provision in the application for reinstatement furnished by the company.

*Judgment reversed. Stephens and Bell, JJ., concur.*