DECIDED FEBRUARY 2, 1935.

See former reports: 47 *Ga. App.* 477; 180 *Ga.*

23923.   LLOYD *v.* ÆTNA LIFE INSURANCE COMPANY.

SUTTON, J.   1. Where a certificate under a policy of employee's group insurance provided for the payment of certain benefits on proof of the employee's permanent total disability, and also provided that it should terminate on failure of the insured to pay the premiums thereunder, and in an action on the certificate it appeared from the petition that the premiums had been paid up to July 28, 1931, and the insured did not become permanently totally disabled until October, 1932, the insurance was not in force at the time the insured became permanently totally disabled because of its lapse for nonpayment of premiums, and the court correctly dismissed the petition as setting forth no cause of action against the insurer.

2. Where, in such a policy, it was also provided that written notice of the permanent total disability of the insured should be given within one year from the date of the cessation of the .payment of premiums, there

was a violation thereof where the insured paid the premiums up to July 28, 1931, and did not give the insurance company written notice of his permanent total disability until November 11, 1932, there being no waiver thereof by the insurance company. This is true although the insured became totally disabled on March 28, 1931, where the petition alleged that the insured did not become permanently totally disabled until October, 1932, and that the liability of the insurer under the certificate of insurance was for a permanent total disability of the employee. The fact that the insured became totally disabled on March 28, 1931, would not excuse him from payment of the premiums due on the policy and keep the insurance in force, where there was no provision in either the certificate of insurance or the master group policy as to any waiver by the insurer of the payment of premiums by the insured employee during total disability.

3. This case differs from *Life Ins. Co. of Va.* v. *Williams*, 48 *Ga. App.* 10 (172 S. E. 101), the policy in that case providing that the insurer waived payment of all premiums during the time the insured was totally disabled upon receipt of proper notice that the insured was in that condition. The case under consideration is unlike the case of *Travelers Ins. Co.* v. *Sanders*, 47 *Ga. App.* 327 (170 S. E. 387), there being no question of the nonpayment of· premiums in that case, and in that it appeared in that case that the policy remained in force after the insured terminated his employment with his employer, the policy providing that it should remain in force upon and after the termination of the insured's employment, in the event that at that time the insured was totally disabled.

4. The case sub judice is not controlled by the well established principle that the insurer's denial of liability or its refusal to pay waives or dispenses with the necessity of filing proofs of disability, for the reason that that principle is not applicable where the denial of liability or refusal to pay is made after the time for filing or furnishing such proofs has expired. See *Volunteer State Life Ins. Co.* v. *McGinnis*, 29 *Ga. App.* 370 (115 S. E. 287); *Bank of Ball Ground* v. *National Surety Co.*, 23 *Ga. App.* 187 (97 S. E. 892). "An absolute refusal of the insurer to pay, made before the expiration of the reasonable time within which the assured must furnish such proofs, will be a waiver thereof; but such refusal made after such reasonable time has expired will not be a waiver of such proofs." *Harp* v. *Fireman's Fund Ins. Co.*, 130 *Ga.* 726 (61 S. E. 704, 14 Ann. Cas. 299).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 2, 1935.

482

*Porter & Mebane*, for plaintiff.

*Bryan, Middlebrooks & Carter, Maddox, Matthews & Owens*, for defendant.