LONGINO *v.* EQUITABLE LIFE ASSURANCE SOCIETY.

JENKINS, Justice. A policy of health and accident insurance contained these stipulations: "This policy is issued for the term of 6 months to commence on the 8th day of November, 1921, beginning and ending at 12 o'clock noon, standard time, of the place where the insured resides. This policy may be renewed by payment of the aforesaid premium in

advance from term to term of 6 months each, provided the insured shall not have attained the age of 60." "A grace of 31 days, subject to an interest charge at the rate of 5 per cent. per annum, will be granted for the payment of every premium after the first. If the premium and interest thereon is tendered during such period, it will be accepted without evidence of insurability, and the policy shall thereupon be in as full force and effect as if the premium had been paid when due. Except as herein expressly provided, the payment of any premium shall not maintain this policy in force beyond the date when the succeeding premium becomes payable." A premium plus interest was tendered two days after the expiration of the grace period provided by the policy, and was refused by the insurer. Some months thereafter, all unpaid premiums with interest were tendered to the insurer, together with certain proof offered by the insured named in the policy as to his then insurability. This also was refused. The insured brought this his bill for specific performance, praying that the insurer be required to accept the premiums tendered, that the policy be declared renewed, and that the insured be reinstated in good standing. *Held*, that under the terms of the insurance contract the punctual payment of the required premiums was of the essence of the agreement, constituting a condition precedent to the continuance in force of the policy. Since the petition showed a lapse in the payment of premiums, with a consequent forfeiture of the policy, the court did not err in dismissing the action on demurrer. *Newman* v. *Benefit Association of Railway Employees*, 173 *Ga.* 881, 883 (2) (162 S. E. 122); *The Prætorians* v. *Cowart*, 50 *Ga. App.* 124 (177 S. E. 89). *Rome Industrial Insurance Co.* v. *Eidson*, 142 *Ga.* 253 (82 S. E. 641), was a case where the insured proceeded to revive the policy, not in derogation of the terms of the agreement, but in strict accordance with the rights and privileges expressly conferred by the policy itself.

*Judgment affirmed. All the Justices concur.*

No. 13310. MAY 15, 1940.

*Thomas E. McLemore,* for plaintiff.

*Dudley Cook, MacDougald, Troutman & Arkwright,* and *W. H. Schroder Jr.,* for defendant.