### 31961. MAYES v. WASHINGTON NATIONAL INSURANCE COMPANY.

Decided June 9, 1948. Rehearing denied July 31, 1948.

*Lucian J. Endicott*, for plaintiff.

*J. Lon Duckworth*, for defendant.

MacIntyre, P. J.  Upon the trial of the within cause in the court below, at the conclusion of the evidence of the plaintiff, Jennie Mayes, here plaintiff in error, the defendant, Washington National Insurance Company, moved for a directed verdict in its favor against the plaintiff and the same was directed by the trial judge.  The plaintiff assigns error on the overruling of her motion for a new trial.

The admissions of the defendant in its answer and the brief of evidence on the trial, which evidence is uncontested at this stage of the proceedings, show the following facts: that on September 2, 1941, the defendant issued an accident insurance policy in the principal sum of $300 to Jimmie Mayes, son of the plaintiff, on his own life, and the plaintiff was named as beneficiary; that the portions of the policy considered material to this court's consideration of the case were as follows:

"For each period of twelve consecutive months immediately preceding the date of the accident that this Policy shall have been maintained in continuous force, Ten Per Cent will be added to the Original Principal Sum, but all such additions shall never exceed Fifty Per Cent of the Original Principal Sum.

"The Principal Sum, as used herein, shall be the Original Principal Sum plus any additions that may have accrued under the provisions of Paragraph (B) [supra] at the time of the occurrence of any loss for which the Principal Sum is payable.

"A period of five days of grace is allowed for the payment of any renewal premium, during which period this Policy shall remain in full force and effect in accordance with its terms, but if the payment of any renewal premium is not made by twelve o'clock noon on the final day of grace the Policy shall expire and the insurance effected by Policy terminated; however, the Insured, at the option of the Company, may reinstate the Policy by paying the premium due with the distinct understanding that there shall be no liability for death, disability or other loss resulting from such injury due to accident occurring between the date of expiration and the day following such reinstatement, nor for death, disability or other loss resulting from such disease or illness contracted or having its beginning before the tenth day after such reinstatement. Failure to pay any renewal premium shall void this Policy.

"It is distinctly understood and agreed that the acceptance of any premium after same has become delinquent shall not be deemed a waiver on the part of the Company of any of the provisions, terms or conditions contained in this Policy"; that Jimmie Mayes was accidentally killed on April 8, 1947; that the policy receipt book of Jimmie Mayes was turned over to the defendant and showed that the policy lapsed for non-payment

of premiums on several occasions, but was automatically revived by the payment of premiums as provided for under the terms of the policy, that the last time immediately preceding the date of the death of the insured on which the policy lapsed for non-payment of premiums was in February, 1946, being approximately fourteen consecutive months prior to the death of the insured, and that the premium being due on the first day of the month, with a five-day grace period, was actually paid on the tenth, and the policy was again reinstated as provided by the above-quoted terms thereof; that the defendant paid the original principal sum of $300 and $30 for one year's accumulation on the principal sum in accordance with the provisions of the policy; and that plaintiff refused to accept this as full satisfaction of her claim on the policy and brings this suit for the remainder of $120 accumulated benefits claimed to be owing for the four prior years in which Jimmie Mayes was insured. The defendant claims that its liability on the policy is paid in full, and that it has paid all accumulated benefits owing under the terms of the policy because the policy lapsed in February, 1946, and was not in continuous force except for the year immediately preceding the death of Jimmie Mayes. This question of law of the construction of the insurance contract is the only thing here for our consideration.

The cases holding that contracts of insurance are to be construed most strongly against the insurer and in favor of the insured are too numerous to require citation. Georgia Digest, Title Insurance, § 146 (3).

While a few courts in various jurisdictions hold that the reinstatement of a personal-insurance policy creates a new policy, containing new warranties, new conditions and new coverage, just as if no prior policy had ever existed, the decided majority of the courts adhere to the better rule that the effect of reinstatement is to revive the old policy and that the new policy is merely a continuation of the old coverage. This is the only logical result when the premium rate remains the same, when the terms and conditions are the same, when a new contract is not issued, and when it is for the benefit of the policyholder that the premiums paid at reinstatement relate back· to the date of lapse to preserve the continuity of reserves, loan values, in-

creases in benefit and the like. 3 Appleman on Insurance 609, § 1971, p. 611 et seq. See also 167 A. L. R. 333 (note). The effect of reinstatement in such a case is not to make a new policy, but to wipe out the default as if it had never occurred, renewing the policy in all its provisions and vigor in full from the date of lapse or default. *Mass. Benefit Life Assn.* v. *Robinson,* 104 *Ga.* 256 (3), 281 (30 S. E. 918, 42 L. R. A. 261); *Winder Nat. Bank* v. *Ætna Life Ins. Co.,* 36 *Ga. App.* 703 (2), 705 (137 S. E. 848); *Causey* v. *Gulf Life Ins. Co.,* 62 *Ga. App.* 378, 381 (8 S. E. 2d, 535). Of course, if the terms of the policy, or in the case of a mutual benefit association, the bylaws properly made a part of the policy, clearly indicate the opposite intention of the parties, the court will adhere to the terms expressed. And if, in the case of an accident policy with no continuity requirement for increase of benefits involved, the policy provides that the insurance company shall not be responsible for accidents occurring during, or illness arising out of, the period of lapse, the court will not presume that the insured paid for coverage which he did not receive and will give the reinstatement prospective effect from its date and will not make it retroactive to include injury, disability, or death occurring during the default period, but will extend the period of coverage from the date of reinstatement over the entire term for which the insured gave value in premiums. This is of course the only reasonable rule to prevent the insurance company from being liable for coverage expressly excepted by the terms of the policy and to give the policyholder the full coverage for which he paid. 3 Appleman on Insurance 682, § 2033 at p. 684; 167 A. L. R. 333, 340 et seq. (note); *Kesler* v. *Commercial Casualty Ins. Co.,* 39 *Ga. App.* 197 (2), 203 (146 S. E. 506).

The interpretation to be given the policy depends upon the facts and circumstances in each individual case; and it is incumbent upon the court to ascertain the intendment of the policy and of the parties under those circumstances. The precise application of the facts here raised is before this court for the first time; and due to the decision of Judge Bell, speaking for the court in the *Kesler* case, supra (wherein he recognized the exception to the general rule of "renewal of the old policy" when, in the reinstatement of a personal-insurance policy, the policy express-

ly states that its coverage does not extend to accident during or illness arising out of the period of lapse), we have proceeded with great caution to avoid establishing a precedent which, in the event of lapse and reinstatement of the type policy there and here involved, would hold the insurance company liable both for increase of benefits arising out of the continuity of the policy and for the extended period of coverage from the date of reinstatement arising out of giving the reinstatement prospective effect. It is therefore the opinion of this court that, when a policy. of this class provides for an increase of benefits if the policy remains continuously in effect and when there are no provisions in the policy providing that the effect of reinstatement is to make a new policy and break the period of continuity, the provision for increase of benefits in case of continuity is to dominate over (but not to obviate) the provision that the company is not liable for accident or illness arising during the period of lapse, and the effect of the provision for increase of benefits is to bring the reinstatement back into the general rule and the policy is reinstated and renewed in all its original vigor as if the lapse had never occurred (except for accident and illness arising during the period of lapse which is expressly excepted by the terms of the policy). This result gives the policyholder consideration for the full premium which he paid, prevents the insurance company from being liable for the extended term from the date of reinstatement, and also narrows the exception to what we take to be the correct and general rule when the same policy is renewed and reinstated.

The defendant in error apparently has treated the policy as being renewed and reinstated, rather than as being a new policy, but argues that the increase of benefits provision was a condition contingent upon continuity of the policy. The obvious answer to this contention is that, if the policy was renewed and the reinstatement dated back to the date of lapse, the lapse has been erased as if it never occurred and in effect the continuity of the policy has not been broken. To allow the insurance company to enforce this condition and the condition that it is not liable for accident or illness arising during the period of lapse and at the same time reinstate the policy as of the date of lapse would be to cause the insured to forfeit a part of the

premium which he has paid. This court abhors a forfeiture. The case most closely analogous to the present, so far as we can ascertain, is that of Jennings *v.* Travelers' Equitable Ins. Co., 173 Minn. 547 (218 N. W. 104). It is true that the court in that case reached the ·opposite conclusion from that here reached; but it will be noted that the result there was colored by a pertinent statute, and also that the comparable policy provision there was as follows: "For each period of six consecutive months, immediately preceding the date of the accident, that this policy shall have been maintained in continuous force *by the payment of the premiums on or before the dates due,* 5 percent shall be added to the original specific amount payable for any loss." (Italics ours.) In the present case the provision is: "For each period of twelve consecutive months immediately preceding the date of the accident that this policy shall have been maintained in continuous force, ten percent will be added to the original principal sum . . ;" so that the condition is not here made to hinge specifically upon the prompt payment of premiums but upon the policy being maintained in continuous force. We feel that in the present case the reinstatement completely erased the lapse as if it had never occurred since the contract as a whole is susceptible of being construed in either of two ways and the construction most favorable to the insured is to be adopted, and that the defendant insurance company remained liable for the increase in benefits over the entire period from the date of issuance. The facts of this case differentiate it from those cited by the defendant in error.

It is our opinion, therefore, that the court below erred in the construction of the contract of insurance, in directing a verdict for the defendant, and in refusing a new trial. The other assignments of error present no questions for the determination of this court.

*Judgment reversed. Gardner and Townsend, JJ., concur.*