**Ralph TYLER et al., Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 16268.**

United States Court of Appeals
Fifth Circuit.

May 17, 1957.

---

6. See 23 Am.Jur., Fraud & Deceit, Sec. 41; Prosser on Torts, 2nd ed., p. 563.

Oakley Melton, Jr., James W. Garrett, Montgomery, Ala., Frank J. Tipler, Jr., Andalusia, Ala., Huey D. McInish, Dothan, Ala., for appellants.

Charles R. Paul, Geneva, Ala., Attorney for Appellant, Ralph Tyler.

Enoch G. Myers and Erma Myers, guardian ad litem for minor appellants.

James J. Carter, Montgomery, Ala., Hill, Hill, Stovall & Carter, Montgomery, Ala., for appellee.

Before BORAH, RIVES and BROWN, Circuit Judges.

## PER CURIAM.

After a full trial and findings of fact which are invulnerable to attack as "clearly erroneous," Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C.A., the District Court held that the original six-months' policy was effective on November 6, 1953, and on the eve of its expiration, May 6, 1954, was renewed for another six months expiring November 6, 1954, three weeks before the automobile accident involved here. He rejected, as do we, the idea[1] that the assured's having given a check subsequently dishonored for insufficient funds for the original premium either put it in a state of limbo or displaced it altogether until, after letter notice December 23, 1953 that the policy would be continued in force without interruption if the premium were paid by January 5, 1954, the premium was actually paid four days later on January 9, 1954.

The policy did require payment of the premium. But this was the insurer's contract, and it was free to, and did, waive compliance with this provision first by extending the time for payment to January 5, and next, under the letter notice that if later paid, the policy would be reinstated as of the date of actual remittance, by impliedly extending it the few more days to January 9 when it was actually paid. The insurer's contract was issued and outstanding. It had a right to cancel for non-payment of premiums. But until cancelled, and even after cancellation as to occurrences prior to the effective date of any supposed cancellation, it had a real exposure to the public under it. When the assured finally paid, the insurer was entitled to treat a portion of the premium as payment for the cost of the insurance up to that date, and if, between January 5 and January 9, there was an hiatus, a point not now determined and expressly left open for future decision, the "reinstatement" was of the original policy for its original term ending May 6, 1954. Compare, under Florida law, Mutual Benefit Health & Accident Ass'n v. Kennedy, 5 Cir., 140 F.2d 24.

It would be unconscionable to hold that an assured, by giving a worthless check

---

1. This contention is set forth by appellant's specifications that the District Court erred:
   1. " * * * in concluding that the reinstatement of January 9, 1954, did not constitute the creation of any new premium dates.

2. " * * * in not holding that the effective date of Tyler's coverage began on January 9, 1954, and ran prospectively for a full six months' period and upon the payment of Tyler's second premium for an additional six months' period."

and delaying further through an extended period of grace, can have protection free of cost for the interim so far as the public is concerned and, by finally but belatedly paying what he originally agreed by pay, has procured a new policy effective for the full, original six months' period as of the date of the delayed payment. But this is what the assured and the third party damage suit claimants sought. In declining it, the Judge was clearly right. Mutual Life Ins. Co., of New York v. Lovejoy, 203 Ala. 452, 83 So. 591.

Affirmed.