38983.   STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY v. MOORE.

DECIDED JULY 14, 1961.

*Joe R. Young, Jr., Hitch, Miller & Beckmann,* for plaintiff in error.

*B. Daniel Dubberly, Jr., L. P. Strickland,* contra.

TOWNSEND, Presiding Judge. Whether reinstatement of a lapsed insurance policy is prospective or retrospective is ordinarily determined by the policy terms. It was held in *Winder Nat. Bank v. Aetna Life Ins. Co.,* 36 Ga. App. 703 (2) (137 SE 848) that where the intention of the parties is that the reinstatement shall relate back to the date of default the insured is covered during the interim period. In *Plumer v. Continental Cas. Co.,* 12 Ga. App. 594 (77 SE 917), where there was a policy provision that reinstatement, if accepted, should be effective at noon of the day following the receipt of premium, it was held that since punctual payment of insurance premiums is of the essence of the contract, failure to make payment in strict compliance with contract terms results, in the absence of waiver by the insurer, in forfeiture. In *Forrester v. State Farm Mut. Ins. Co.,* 97 Ga. App. 618 (103 SE2d 619), citing the *Plumer* case, this court held that where a policy of automobile insurance expires, and, after an injury has occurred during the default period,

the insured mails a renewal premium which is cashed by the insurer but the insurer returns a rebate for the time the policy was out of force, which included the day on which the injury occurred, this did not constitute a waiver of the late payment of premium so as to relate the insurance coverage back to the time of expiration of the original policy.

In the present case the insurance company, with notice that the policy had expired and that the plaintiff had suffered a loss between the expiration date and the date he mailed a renewal premium check, granted the insurance prospectively from the date of receipt of the check. Nothing in the policy required the company to grant coverage at all, or, if it wished to do so, to relate the coverage back to the expiration of the original policy so as to cover the period during which the loss occurred. By its notice it specifically refused to do so. Nothing in the policy or in the conduct of the parties indicates an intention that the reinstatement of the policy should be retroactive. Since the general allegation that the policy was in full force and effect on the date of loss must yield to the specific facts pleaded which show that such was not the case, the petition did not set forth a cause of action and the trial court erred in overruling the general demurrer.

*Judgment reversed. Frankum and Jordan, JJ., concur.*