A90A2030. BROWN et al. v. PROGRESSIVE PREFERRED
INSURANCE COMPANY.
(402 SE2d 303)

CARLEY, Judge.

The relevant facts in this declaratory judgment action are as follows: Appellee-plaintiff issued to appellant-defendant Johnny Brown an automobile liability insurance policy which, by its terms, was to expire on February 23, 1988. With regard to renewal, the policy provided that Brown would be required to "pay the renewal premium in advance. Your policy will expire and you will have no coverage if we do not receive the required payment by the renewal date." In January of 1988, appellee mailed to Brown a renewal notice which stated that the policy would "expire on 02/23/88. Payment must reach [appellee] before 02/23/88 to keep your coverage in continuous effect through 08/23/88." Brown received the renewal notice and mailed to appellee a check in the amount of the specified premium. However, appellee did not receive Brown's check by the February 23, 1988 expiration date. Nevertheless, appellee did not return the check to Brown. Instead appellee mailed to him a new declarations page indicating a six-month extension of coverage commencing on February 25, 1988. After this new declarations page had been mailed to Brown, his check was dishonored for insufficient funds. Although Brown was notified of this dishonor, the check was thereafter resubmitted for payment. On March 17, 1988, Brown's wife was involved in a motor vehicle collision with appellant-defendant Henry Hankey. On March 21, 1988, appellee received notice that Brown's resubmitted check had again been dishonored for insufficient funds. Thereafter, appellee denied the existence of coverage for the collision and initiated the instant action seeking a declaratory judgment to that effect. The trial court granted appellee's motion for summary judgment and appellants appeal.

The instant case does not relate to the existence of coverage under a *renewal* policy as defined in OCGA § 33-24-45 (b) (2). By its terms, Brown's original policy had expired on February 23, 1988 and, upon subsequent receipt of Brown's check, appellee did not thereafter purport to issue a retroactive six-month extension of coverage commencing on that date. Instead, appellee purported to issue a prospective extension of coverage commencing on February 25, 1988. This evidences appellee's intent to issue a *new* policy. See *State Farm Mut. Auto. Ins. Co. v. Moore*, 104 Ga. App. 194 (121 SE2d 286) (1961). Compare *Mayes v. Washington Nat. Ins. Co.*, 77 Ga. App. 638 (49 SE2d 123) (1948). Accordingly, the question to be decided is whether coverage under the *new* policy issued on February 25, 1988, was in effect on March 17, 1988. A review of the record shows that, as of that date, the new policy had not been cancelled pursuant to the applicable statutory provisions of OCGA § 33-24-44 (d). It follows

that the new policy was in effect on March 17, 1988, and that the trial court erred in granting summary judgment in favor of appellee. See *American Intl. Life Ins. Co. v. Hartsfield*, 147 Ga. App. 213 (248 SE2d 518) (1978).

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 4, 1991 —
REHEARING DENIED FEBRUARY 18, 1991 —

*A. Newell Nesmith*, for appellants.

*J. William Trunnell, Jr., Warren C. Grice, Jones, Cork & Miller, Howard J. Strickland, Jr., Anderson, Walker & Reichert, R. Harold McCard, Jr., Chambless, Higdon & Carson, Mary M. Katz*, for appellee.