A99A0045. BRANNEN/GODDARD COMPANY et al. v. PNC REALTY HOLDING CORPORATION OF GEORGIA.
(519 SE2d 35)

ANDREWS, Judge.

Brannen/Goddard Company (B/G) and King Industrial Realty, Inc. (King), real estate brokers, sued PNC Realty Holding Corporation of Georgia (PNC) and Nolan Road West, Ltd. (Nolan) alleging that either PNC or Nolan owes them real estate commissions for procuring a tenant which leased commercial property owned first by Nolan then transferred by Nolan to PNC. After the property was leased, Nolan entered into a commission agreement with B/G and King, but claimed that PNC assumed the obligation to pay commissions due under the agreement when the property was transferred to PNC and the lease was assigned to PNC pursuant to a lease assign-

error may not be considered by this Court." *In re Harvey*, 219 Ga. App. 76, 79 (464 SE2d 34) (1995).

ment agreement. PNC moved for summary judgment claiming that nothing in the lease assignment showed that it agreed to assume Nolan's obligation to pay commissions to B/G and King. The trial court granted summary judgment to PNC, and B/G and King appeal.

The 1987 commission agreement recognized that B/G and King procured a tenant which leased commercial property owned by Nolan and provided that, as compensation for this service, Nolan would pay commissions to B/G and King during the term of the lease, during any extension or renewal of the lease, or during any new lease of the property to the same tenant. In January 1992, Nolan and the tenant entered into a new lease of the property. The new lease provided in part that "[Nolan] hereby agrees to pay any broker's commissions due to [B/G] and [King]."

After defaulting on loan obligations to PNC Bank Corporation, Nolan transferred the leased property to PNC in September 1992 to settle those obligations. As part of the settlement, Nolan and PNC entered into a lease assignment agreement in September 1992 which provided in part that:

> [Nolan assigns to PNC] all of its right, title and interest in and to . . . (i) all leases, subleases, licenses, rental contracts and other agreements (collectively the "Leases") relating to the occupancy now existing or hereafter entered into and affecting [the leased property]; and (ii) all rents, issues, profits, income and proceeds to become due from tenants of the Property from and after the Effective Date . . . .

> [PNC], by its acceptance hereof, does hereby assume and agree to perform the obligations and liabilities of [Nolan] as of the aforesaid Effective Date; provided, however, that [PNC] does not assume and perform any obligation or liability under any of the Leases relating to or rising out of events or occurrences on or before such date.

The settlement agreement between Nolan and PNC provided that the effective date referred to in the lease assignment was a date no later than September 14, 1992.

In moving for summary judgment, PNC contended that the 1987 commission agreement between Nolan and B/G and King created an obligation on the part of Nolan to pay the commissions, and that PNC was not a party to that agreement nor did it assume Nolan's obligation under the agreement when the lease was assigned to PNC in the September 1992 lease assignment agreement. In responding to the motion for summary judgment, B/G and King contended that a question of fact was presented as to whether, under the lease assignment, PNC assumed Nolan's obligation to pay commissions.

The 1987 commission agreement provided that Nolan agreed to pay commissions to B/G and King under the existing lease or any new lease of the property to the same tenant as compensation for procuring the tenant to lease the property. This was not a covenant binding on PNC because it ran with the leased property when PNC acquired title and took an assignment of the lease; rather, it was a personal covenant binding only on Nolan and any party assuming Nolan's obligation. *Utilities & Indus. Corp. v. Carter & Assoc.*, 160 Ga. App. 361, 363 (287 SE2d 77) (1981); *James Talcott, Inc. v. Roy D. Warren Commercial*, 120 Ga. App. 544, 545-546 (171 SE2d 907) (1969). Accordingly, unless the lease assignment agreement can be construed as providing that PNC assumed Nolan's obligation under the 1987 commission agreement, then PNC is not bound by the commission agreement.

> There are three steps in the process of contract construction. The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (OCGA § 13-2-2); if after doing so the trial court determines that an ambiguity still remains, the trier of fact must then resolve the ambiguity.

(Citations and punctuation omitted.) *Empire Distrib. v. George L. Smith II World Congress Center Auth.*, 235 Ga. App. 742, 744 (509 SE2d 650) (1998).

Applying these steps, we find no ambiguity in the lease assignment agreement with respect to whether PNC assumed Nolan's obligations under the 1987 commission agreement, and we conclude that nothing therein can be construed as providing that PNC assumed those obligations. The provision in the assignment agreement that Nolan assigned to PNC all of Nolan's "right, title and interest in and to . . . all leases, subleases, licenses, rental contracts and other agreements (collectively the 'Leases')" makes no reference to obligations of any kind and cannot be reasonably construed to refer to an assumption of Nolan's obligations under the separate 1987 commission agreement. The lease assignment agreement further provided that PNC assumed and agreed to perform Nolan's obligations and liabilities under the lease as of an agreed upon effective date, and that PNC did not agree to assume and perform any obligation or liability under the lease relating to or rising out of events or occurrences on or before such date. Although the January 1992 lease, the subject of the assignment, provided that Nolan was obligated "to pay any broker's commissions due to [B/G] and [King]," the lease itself does not establish that any such commissions are due, and there is

no reference in the lease to Nolan's obligations to pay commissions under the 1987 commission agreement. Accordingly, there is no basis to conclude under any provision of the lease assignment agreement that PNC assumed Nolan's obligations under the commission agreement. We need not construe the language in the assignment agreement limiting its application to obligations on or before the agreed upon effective date.

Contrary to B/G and King's contention, the trial court did not err in failing to consider deposition testimony explaining the intention of the parties. Because there was no ambiguity to be explained, extrinsic evidence was not admissible. *Holcomb v. Word*, 239 Ga. 847-848 (238 SE2d 915) (1977). The trial court correctly granted summary judgment in favor of PNC.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JUNE 2, 1999.

*Harman, Owen, Saunders & Sweeney, Perry A. Phillips*, for appellants.

*Parker, Hudson, Rainer & Dobbs, J. Marbury Rainer, Charles W. Lyons*, for appellee.