A00A0702. DUNN v. ROYAL MACCABEES LIFE INSURANCE COMPANY et al.
(531 SE2d 761)

MCMURRAY, Presiding Judge.

On September 24, 1996, appellee-plaintiff Royal Maccabees Life Insurance Company ("Royal Maccabees") filed the underlying complaint for interpleader in the Superior Court of Fulton County, tendering the proceeds of a life insurance policy on the life of Dr. Russell Erhardt (the "Erhardt policy" and "Dr. Erhardt," respectively). Royal Maccabees alleged that the ownership of the Erhardt policy was in issue and named appellant Lynn B. Dunn ("Mrs. Dunn") and appellee Ruth A. Erhardt ("Mrs. Erhardt") as the defendants below. The ownership issue arose out of competing claims for the Erhardt policy's death benefit which were filed by Mrs. Erhardt, on behalf of the irrevocable trust of Dr. Erhardt, and filed by Mrs. Dunn, as executrix of the estate of Dennis J. Dunn ("Mr. Dunn"). After discovery Mrs. Erhardt and Mrs. Dunn filed cross-motions for summary judgment. The superior court granted Mrs. Erhardt's motion and denied that of Mrs. Dunn. Mrs. Dunn now appeals.

The undisputed evidence shows that Mr. Dunn and Dr. Erhardt were business partners in Open MRI, L.P. (the "partnership"), each owning a 50 percent share thereof. The partners determined that in the event one of the partners should die, the surviving partner should have the means to buy out any partnership interest devolving to the widow of the deceased partner. To this end, Royal Maccabees

insurance policies in the amount of $500,000 each were purchased on the lives of each partner. The details necessary to make Dr. Erhardt the owner of the Dunn insurance policy were completed before Mr. Dunn's death in an automobile accident in January 1995. The proceeds payable under the Dunn policy were paid to Dr. Erhardt, providing him funds necessary to purchase Mr. Dunn's interest in the partnership which devolved to Mrs. Dunn through Mr. Dunn's estate. The Erhardt policy lapsed after Mr. Dunn's death. Royal Maccabees subsequently reinstated the policy in Dr. Erhardt as the owner. Dr. Erhardt, in turn, designated Mrs. Erhardt, as Trustee of the Irrevocable Trust of Russell Erhardt, as the owner and beneficiary of the policy. The Erhardts thereafter paid all the premiums due on the policy. Dr. Erhardt died on February 16, 1996. The competing claims for the proceeds of the Erhardt policy and Royal Maccabees' interpleader followed. *Held*:

1. Mrs. Dunn contends that the superior court erred in granting summary judgment to Mrs. Erhardt and denying summary judgment to Mrs. Dunn for: (a) failing to find Mr. Dunn owned the Erhardt policy at the time the Erhardt policy lapsed, and (b) allowing the ownership of the Erhardt policy to be changed to Mr. Erhardt upon reinstatement. Concluding that ambiguity exists as to the ownership of the Erhardt policy, we disagree.

The cardinal rule of contract construction is to ascertain the intention of the parties. OCGA § 13-2-3. Contract construction is a three-step process. Initially, the construction of the contract is a question of law for the court. First, if no ambiguity appears, the trial court enforces the contract according to its terms irrespective of all technical or arbitrary rules of construction. That is, where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. Secondly, if ambiguity does appear, the existence or nonexistence of an ambiguity is itself a question of law for the court. Finally, a jury question arises only when there appears to be an ambiguity in the contract which cannot be negated by the court's application of the statutory rules of construction. This is true even if the contract is difficult to construe. Further, a contract should be construed by examining the agreement in its entirety, and not merely by examining isolated clauses and provisions thereof.[1]

---

[1] (Citation and punctuation omitted.) *Rohm & Haas Co. v. Gainesville Paint &c. Co.*, 225 Ga. App. 441, 443-444 (2) (b) (483 SE2d 888). See also *Brannen/Goddard Co. v. PNC Realty Holding Corp.*, 238 Ga. App. 387, 389 (519 SE2d 35).

Where, as here, an insurance contract is ambiguous, it is to be construed by the court and no jury question is presented unless an ambiguity remains after an application of the rules of construction.[2]

Ambiguity as to policy ownership arises in the case sub judice for two reasons: (1) except with respect to his action in making Mrs. Erhardt the owner of the Erhardt policy after its reinstatement, Dr. Erhardt took no action personally to change ownership in the policy, and (2) Paragraph 10 of the application for Dr. Erhardt's policy, permitting the designation of policy ownership in persons or entities other than the proposed insured,[3] was not completed sufficiently to identify a policy owner other than Dr. Erhardt. In this regard, Paragraph 10 of the application had been completed only to the extent that one of its spaces called for the insertion of a "Soc. Sec. or Tax No." Although the words "Tax No." under the number provided were underlined, nothing on the face of the application identified such number as the partnership's tax number or the tax number of any other entity. Moreover, Mr. Dunn signed the application for the Erhardt policy as "Dennis J. Dunn, President" at the "Applicant/ Owner" line at the bottom of the application, circling the word "owner," neither indicating that he was signing the application for the partnership or providing its tax number. Left blank were other spaces which, had they been completed, would have identified any new policy owner by name, address, relationship, and designation of the new owner's designee.

It is undisputed that the intention of the parties was fulfilled upon Royal Maccabees' payment of the proceeds of Mr. Dunn's policy to Dr. Erhardt. This provided the funds necessary to buy out Mr. Dunn's partnership interest following his death. Manifestly, it was not the intent of the parties that the surviving spouse of the decedent partner be entitled to the death benefit arising out of two insurance policies. This, by definition, would have resulted in a windfall, exceeding the intent of the parties by a factor of two. Mrs. Dunn contends that we should construe the evidence of record as showing that Mr. Dunn was the owner of the Erhardt policy. In doing so, she, among other things, correctly points to a Royal Maccabees' correspondence to Mr. Dunn, indicating that he was the designated owner of the Erhardt policy. However, we discount such evidence and any other evidence indicating ownership in Mr. Dunn appearing on the face of the application for Dr. Erhardt's policy in favor of finding that Dr. Erhardt owned the policy on his life. Ownership in Dr. Erhardt is consistent with the intent of the parties because it forecloses the pay-

[2] *Borders v. Global Ins. Co.*, 208 Ga. App. 480, 482-483 (2) (430 SE2d 854).

[3] Paragraph 10 of the application for Dr. Erhardt's policy pertinently provided: "Proposed Insured(s) shall be owner, unless otherwise shown."

ment of funds beyond those necessary to buy out the decedent partner's partnership interest. Further, it is consistent with Royal Maccabees' action in reinstating Dr. Erhardt's policy in that Dr. Erhardt's policy reserved the right of reinstatement to the policy owner alone. "The effect of reinstatement . . . is not to make a new policy, but to wipe out the default as if it had never occurred, renewing the policy in all its provisions and vigor in full from the date of lapse or default."[4] That Dr. Erhardt transferred ownership of his policy to an irrevocable trust for the benefit of Mrs. Erhardt was his prerogative under the policy. There is no dispute that the policy on Dr. Erhardt's life was in force at the time of his death, all premiums due thereunder having been paid by the Erhardts.

> Upon the appeal of the grant of summary judgment, this Court reviews the evidence de novo. Summary judgment is proper where the movant shows no genuine issue of material fact exists and entitlement to summary judgment as a matter of law. A defendant carries this burden by demonstrating the absence of evidence as to one essential element of plaintiff's case. Should the defendant do so, the plaintiff cannot rest on [its] pleadings, but rather must point to specific evidence giving rise to a triable issue.[5]

So viewing the evidence, we conclude that the superior court properly granted summary judgment to Mrs. Erhardt and denied summary judgment to Mrs. Dunn upon the finding that Dr. Erhardt was the owner of the Erhardt policy.

2. In light of our disposition of Division 1, we do not address Mrs. Dunn's remaining claim of error.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED MARCH 20, 2000.

*Stephen H. DeBaun,* for appellant.
*Doffermyre, Shields, Canfield, Knowles & Devine, Samuel W. Wethern, Susan S. Shaw, Troutman Sanders, Sherri M. Graves, Nancy K. Deming,* for appellees.

---

[4] (Citations omitted.) *Mayes v. Washington Nat. Ins. Co.*, 77 Ga. App. 638, 641 (49 SE2d 123).
[5] (Citations and punctuation omitted.) *Jackson v. K-Mart Corp.*, 242 Ga. App. 274, 275 (529 SE2d 404).