**Richard S. WHITE and Edward C. White, Plaintiffs,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Defendant.**

**Civil Action No. CV107–121.**

United States District Court, S.D. Georgia, Augusta Division.

May 16, 2008.

Kenneth M. Nimmons, Nimmons & Malchow, P.C., Augusta, GA, for Plaintiffs.

H. Sanders Carter, Jr., Aaron E. Pohlmann, Smith Moore, LLP, Atlanta, GA, for Defendant.

### ORDER

ANTHONY A. ALAIMO, District Judge.

Plaintiffs, Richard S. White and Edward C. White, filed the above-captioned case against Defendant, New York Life Insurance Company ("New York Life"), alleging that the insurer refused to pay their claim as beneficiaries under a life insurance policy. Presently before the Court is New York Life's motion for summary judgment. Because the policy lapsed before the policyholder's death, the motion will be **GRANTED**.

### BACKGROUND

On January 13, 2006, Alice Jordan purchased a $50,000 life insurance policy from New York Life and opted to pay premiums on a monthly basis, Jordan named her sons, the Plaintiffs, as co-beneficiaries under the policy. Jordan made three payments under the policy. Jordan's last payment was made on April 10, 2006, for the premium due on March 24, 2006. The next payment was due on April 24, 2006, but it was not paid.

Under the contract, Jordan was entitled to a thirty-one day grace period, and during this time the policy remained in force. Although not required by the policy, after the policy's lapse date of May 25, 2006, New York Life sent a letter to Jordan offering to reinstate her lapsed coverage if she paid all overdue premiums by June 25, 2006, provided that she was still living when the premiums were received by the insurance company. The reinstatement offer was not accepted, and Jordan died on June 19, 2006.

The record suggests that Jordan did not respond to New York Life's entreaties because she suffered a debilitating illness. In April 2006, Jordan had a heart attack and was taken to a hospital, where she remained for most of April, all of May, and most of June, until her death. New York Life mailed all correspondence to her home address, but Jordan's relatives did not open her mail until after she died.

On August 9, 2007, Plaintiffs filed suit against Defendant in the Superior Court of Richmond County, Georgia. The Whites sought to recover the face value of the insurance policy, a statutory bad faith penalty of up to fifty percent of New York Life's liability, plus attorney's fees. On September 13, 2007, New York Life removed the case to federal court. On January 4, 2008, the case was reassigned to the undersigned Judge for plenary disposition,

### SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Court must view the facts in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), and must draw "all justifiable inferences in his favor ..." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir.1991) (en banc) (internal quotation marks omitted).

## DISCUSSION

According to the Whites, on June 2, 2006, seventeen days before the policyholder's death, New York Life mailed a notice of the policy lapse to Jordan. New York Life informed Jordan that the policy could be reinstated if the total amount of premiums that were past due were paid by June 25, 2006. On June 19, 2006, Jordan died, with the premiums unpaid.

Plaintiffs assert that Jordan died during the "contestability time period," relying on Georgia Code section 33–25–3(a)(1). Under that provision of Georgia law, life insurance contracts must contain

A provision that the insured is entitled to a grace period of not less than 30 days within which the payment of any premium after the first may be made, during which period of grace the policy shall continue in force; but if a claim arises under the policy during the grace period, the amount of any premium due or overdue may be deducted from any amount payable under the policy in settlement[.]

Ga.Code Ann. § 33–25–3(a)(1) (2007).

In their brief in opposition to New York Life's summary judgment motion, the Whites assert that New York Life's offer to reinstate the policy had the legal effect of extending the grace period through June 25, 2006, under the statute. The Court rejects this argument as inconsistent with the relevant insurance contract and case law.

New York Life's Letter to Jordan did not indicate that the grace period was extended, only that Jordan's lapsed coverage could be reinstated.[1] This is consistent with the terms of the parties' insurance contract. Dkt. No. 15, Ex. 12 & Ex. 8 at 9.[2]

A different result is not mandated by the Georgia Code. The section cited by the Whites only requires that a thirty day grace period be included in life insurance contracts, and there is no dispute that the contract at issue here met that prerequisite.

Additionally, this result is consistent with the conclusions reached by other

---

1. This fact suffices to distinguish the instant case from *Horace Mann Life Ins. Co. v. Lunsford*, 172 Ga.App. 866, 867, 324 S.E.2d 808 (1984), which involved a situation where the insurance company's letter warned that the policy "will lapse" if payment was not made within three weeks.

2. The contract provided that

GRACE PERIOD means the 31 day period that begins on the PREMIUM DUB DATE. It is available for payment of PREMIUMS due after insurance initially becomes effective. During the GRACE PERIOD, YOUR insurance will be continued. However, if the PREMIUM due on the PREMIUM DOE DATE is not paid by the end of the GRACE PERIOD, insurance will lapse and end[.]

Dkt. No. 15, Ex. 8 at 9.

courts dealing with the same sort of argument raised by insureds in a wide variety of insurance cases. *McClure v. State Farm Mut. Auto. Ins. Co.*, 113 Ga.App. 467, 470, 148 S.E.2d 475 (1966); *Counties Contracting & Constr. Co. v. Constitution Life Ins. Co.*, 855 F.2d 1054, 1061 (3d Cir.1988).

> [H]ere we have a case where the plaintiff took no action during the term of the policy, the term expired, the fire occurred after the term, and it further appears that the plaintiff took no action within the time allotted in response to a subsequent offer by the defendant's insurance company granting additional time to pay the premium. Hence, under these circumstances there is no basis on which the plaintiff could predicate recovery.

*Unigard Mut. Ins. Co. v. Fox*, 142 Ga.App. 706, 708, 236 S.E.2d 851 (1977).

"[U]nder the terms of the insurance contract the punctual payment of the required premiums was of the essence of the agreement, constituting a condition precedent to the continuance in force of the policy." *Longino v. Equitable Life Assurance Soc'y*, 190 Ga. 253, 254, 9 S.E.2d 244 (1940).

Unless the policy provides for it, the lapse of a policy will not be excused because of the policyholder's incapacity at the time the contract lapsed. *Frascona v. Minn. Mut. Life Ins. Co.*, 53 F.Supp.2d 1282, 1284 (N.D.Ga.1998). "The courts have taken the position that, since payment of premiums and assessments may be made by others, and need not be made by the insured personally, his insanity or sickness should not relieve against the effect of nonpayment." *McClain v. Provident Life & Acc. Ins. Co.*, 65 Ga.App. 355, 358, 16 S.E.2d 173 (1941).[3]

Jordan's policy had lapsed before she died, and her beneficiaries had no right to recover under the contract. There are no issues of material fact in dispute, and New York Life is entitled to judgment as a matter of law.

### CONCLUSION

For the reasons described above, New York Life's motion for summary judgment is **GRANTED.** Dkt. No. 15. The Clerk shall enter judgment accordingly.

---

**3.** The Court agrees with Plaintiffs that the policy could have been reinstated, had the past-due premiums been paid while Jordan was living. *Mayes v. Wash. Nat'l Ins. Co.*, 77 Ga.App. 638, 640–42, 49 S.E.2d 123 (1948). However, it is undisputed that Jordan did not take advantage of New York Life's offer to reinstate the policy.