LEANDER F. McLAUGHLIN, plaintiff in error, *vs.* JOHN C MAUND, defendant in error.

Where an account sued on covered work done through a series of years, and the evidence disclosed that the amount of each year's work became due at the close of the years respectively, the statute of limitations commenced to run against such portions of the account from the time they became due.

Statute of limitations.  Accounts.  Before Judge JAMES JOHNSON.  Talbot Superior Court.  September Term, 1875.

Reported in the decision.

PEABODY & BRANNON; WILLIS & WILLIS, for plaintiff in error.

M. H. BLANDFORD; E. H. WORRILL, for defendant.

WARNER, Chief Justice.

The plaintiff sued the defendant on an open account for work done for him and family, as a dentist, amounting to the sum of $202 60. The defendant pleaded the statute of limitations in bar of the plaintiff's action. All the items in the account, except three, amounting to the sum of $12 00, were for work done prior to the 24th of February, 1868, to-wit: in the year 1865. The three items charged after that time, was for work done in the years 1868, 1869, and 1871, respectively. The suit was commenced on the 3d of August, 1872. The plaintiff testified that the amounts due for work done in each year were due at the end of the year in which the work was done. The court charged the jury "that if they believed from the evidence that more than four years had elapsed from the end of the year in which any part of the account sued upon was made, that so much of the account was barred by the statute of limitations." To which charge the plaintiff excepted.

The work for which the plaintiff seeks to recover, was done at separate and distinct times, in separate and distinct years. The amount charged for the work done in the year 1865, the plaintiff expressly states was due at the end of that year, and consequently was barred by the statute of limitations. This case does not come within the decision of this court in *Walker & Company vs. Mercer & DeGraffenreid, 41 Georgia Reports, 44,* in which there was a running account and mutual dealings between the parties. We find no error in the charge of the court, in view of the evidence contained in the record.

Let the judgment of the court below be affirmed.