## POPE *v.* READ.

Two persons entered into a written contract whereby one, the owner of realty, rented the same to the other party at a stipulated amount to be paid monthly, and also agreed to sell the property to the other for a stated sum; and further agreed to release the tenant from the obligation to purchase, if the latter should find himself unable to do so. No time limit to the rental feature of the contract was fixed, nor was any time limit fixed for the exercise of the purchase feature of the contract, other than that the entire purchase-price might be paid "at any time." Under the pleadings and the undisputed evidence, the contract as to the payment of monthly rent was fully performed by the tenant until a tender of the purchase-price to the owner was duly made and a demand for conveyance of the property under the terms of the contract. Upon the refusal of the owner to complete the sale the tenant filed an action for specific performance of the contract, alleging the above-stated facts, and a continuing tender of the purchase-price. The defendant admitted in his answer all of the facts as alleged in the petition, and in addition pleaded the bar of the statute of limitations. *Held*:

1. The purchase feature of the contract constituted an option, the consideration of which was the payment of the rent stipulated in the contract.

2. The action was not barred by the statute of limitations, because in such a contract the right of the optionee, under the contract, did not expire so long as he continued to pay the stipulated rental and the same was accepted by the optionor. Each payment and the acceptance thereof constituted a renewal of the contract.

No. 2705. FEBRUARY 18, 1922.

Specific performance. Before Judge Shurley. Wilkes superior court. June 11, 1921.

H. H. Read filed an equitable petition alleging that he and M. C. Pope, the defendant, entered into a written contract dated October 6, 1902, and signed by both parties. The contract is attached to the petition as an exhibit, and is as follows:

"Mark Cooper Pope, party of the first part, and H. H. Read, party of the second part, enter into the following agreement: The said Pope agrees to build a house at a cost not to exceed 1300 dollars, on the lot adjoining the lot on which said Read now resides. The house is to [be] built as cheaply as is consistent with good work and good material. The said lot fronts 100 feet on Lexington Avenue, and extends back between parallel lines about 320 ft., to Effie Pope Park. The said Pope agrees to sell the said house and lot to the said Read. The lot to be valued at 700 dollars, and the house at the actual cost of construction by a competent contractor; said cost to include interest on all money paid

out until said Read takes possession. From date of occupancy, and until said house and lot are paid for, the said Read agrees to pay $15.00 (fifteen dollars) per month for the use thereof; and whatever amount he pays in addition to the fifteen dollars per month is to go to the purchase of said house and lot, and the rent is to be reduced in exact proportion to such additional payments. If the said Read should find that he is unable to perfect the purchase of said house and lot, the said Pope agrees to release him, and to return, with interest at 8 % per annum, any money he may have paid on the purchase of the property; provided that the property is in thorough repair at the time of said release. Until one fourth of purchase-price is paid, said Pope is to pay taxes and insurance on said house and lot; said Read to keep it in good repair and make all repairs necessary after it has been turned over to him in first-class condition. Said Read is to have the right to pay the entire purchase-price of said house and lot at any time." Dated and signed.

The petitioner alleges that he has fully complied with the terms of his agreements in the contract; that he has elected to purchase the property therein described, and has tendered to the defendant, in conformity with the contract, the amount due thereon, $2000, and the defendant has refused to accept the tender; that the defendant stated he considered the contract void and at an end, and would not comply with its terms. The prayer of the petition is for specific performance of the contract, and that the defendant be required to convey the property to the plaintiff in fee simple. The plea and answer of the defendant admitted each and every of the above allegations; and the defendant further pleaded that the contract sued on was executed in October, 1902; that for a period of eighteen years " plaintiff occupied said premises as a tenant of this defendant, and never at any time until the filing of this petition undertook to occupy any other relation toward this defendant; and any right plaintiff may have had under said contract is barred by the statute of limitations." The plaintiff amended his petition by alleging that in carrying out and complying with his contract he had kept the premises in complete repair, and in doing so he had, within four or five years after taking possession, expended more than one thousand dollars in repairs and in installing plumbing, sewerage, electric lights and accessories, digging

a well, building a barn, a garage, fencing the yard and garden, planting fruit-trees, repairing plastering and a fallen chimney, and paying a paving assessment levied by the City of Washington on said lot; that the defendant must have known of these things; " that defendant well knew of the assessment of the city as to the paving tax and must have known it was paid by petitioner." The evidence in the case, substantially without conflict, supported the material allegations of the petition, and showed that the plaintiff went into possession of the property in 1902, about the time of the execution of the contract. The evidence does not show any fact or circumstance upon which the jury could have found that the defendant had given notice that he desired to terminate the option contract of purchase, nor indicate a decision on the part of the plaintiff to surrender his rights under said contract. The jury returned a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled, and he excepted.

*W. A. Slaton,* for plaintiff in error. *Colley & Colley,* contra.

GILBERT, J. As shown by the preceding statement, the defendant, by his plea and answer, admitted each and every paragraph of the plaintiff's petition. The only issue raised by his answer is his contention that the remedy of the plaintiff was barred by the statute of limitations. This issue is made a ground of the amended motion for a new trial, where movant complains that the court failed to charge the jury the law in regard to the statute of limitations. Obviously it is unnecessary to deal with any of the other grounds of the motion; because, under the pleadings, as stated above, everything was admitted except the one stated. The court did not err in omitting to charge the jury on the subject of the statute of limitations, since the undisputed evidence and the admission in the defendant's answer showed that the plaintiff had performed his contract in every detail until the filing of the suit. We are not overlooking the fact that it has been repeatedly ruled by this court and by other courts, and stated by text-writers, that where a contract fixes no time for performance the contract is to be construed as allowing a reasonable time for that purpose. *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 *Ga.* 695 (3), 702 (58 S. E. 200); *Pearson* v. *Horne,* 139 *Ga.* 453

(77 S. E. 387); James on Option Contracts, 389, § 856. This rule applies to an option contract different in character from the one in the present case. It does not apply to contracts which by their terms provide for continuing payments which furnish consideration for renewals of the obligations under the contract. In this case the optionee, under the terms of the contract, was to pay a sum not less than fifteen dollars per month; and this payment is sufficient consideration to support the option, which is a part of the same contract. *Walker* v. *Edmundson,* 111 *Ga.* 457 (36 S. E. 800); *Turman* v. *Smarr,* 145 *Ga.* 312 (3), 314 (89 S. E. 214). It is reasonable to account for the latter ruling on the theory that the amount to be paid and called' rent is sufficiently large to more than cover what would be reasonable and just if paid as rent only, and that the additional sum paid over and above what would be thus sufficient for rent is added as a consideration for the option feature of the contract; both the rental and the option features being parts of one and the same contract. Compare *Spooner* v. *Shelfer,* 152 *Ga.* 190 (108 S. E. 773). Therefore, when the optionee in the present case continued to pay fifteen dollars per month, which, under the pleadings and the evidence, he continued to do until the suit was filed, he was continuing to pay a consideration for the option feature of the contract, the defendant thereby continuing to accept renewed payments, both as a consideration for the option feature and the rental feature · of the contract. In this view, which we think is the correct one, there was no basis of fact for the contention that the suit was barred by the statute of limitations. Moreover, the optionee, the plaintiff, by the expenditure of relatively large sums of money, in the building of outhouses, fences, digging a well, and adding plumbing and electric lights to the dwelling, gave some evidence that he had exercised or intended to exercise his right to purchase the property. Under the pleadings and evidence the verdict for the plaintiff was demanded.

*Judgment affirmed. All the Justices concur.*