22519. GLASS *v.* GRANT *et al.,* trustees.

JENKINS, P. J. 1. The construction which will uphold a contract in whole and in every part is to be preferred; and the whole contract should be looked to in arriving at the construction of any part. Civil Code (1910), § 4268 (3). In determining whether the contract is entire, the question is whether the whole amount, or the entire service, is of the essence of the agreement. *Broxton* v. *Nelson,* 103 *Ga.* 327 (30 S. E. 38, 58 Am. St. R. 97); *Henderson Elevator Co.* v. *North Georgia Milling Co.,* 126 *Ga.* 279 (2) (55 S. E. 50); *Central Georgia Brick Co.* v. *Carolina Portland Cement Co.,* 136 *Ga.* 693 (71 S. E. 1048). Construing the instant note in its entirety, it amounts to a promise to pay the sum of twenty-five dollars in five equal installments.

328

2. Where an entire contract for a stated sum provides for payment in annual equal installments, the statute of limitations does not begin to run until after the date the last installment becomes due. *Franklin* v. *Ford,* 13 *Ga. App.* 469 (79 S. E. 366); *Benton* v. *Roberts,* 41 *Ga. App.* 189 (1 *a*) (152 S. E. 141); Twin Falls Oakley Land & Water Co. *v.* Martens, 271 Fed. 428. A contrary rule, which would necessitate or require a multiplicity of suits and in many cases a multiplicity of foreclosures of liens, would be against the general policy to avoid litigation and a multiplicity of actions. The contract being entire, the promisee is entitled to wait, if he chooses, until the defendant has defaulted as to the contract in its entirety, plus the period of limitation given him.

3. "A promise of another is a good consideration for a promise. So in mutual subscriptions for a common object . . the promise of the others is a good consideration for the promise of each." Civil Code (1910), § 4246. That the promisor should receive a personal benefit is not a necessary prerequisite to such a contract. *Miller* v. *Oglethorpe University,* 24 *Ga. App.* 388 (100 S. E. 784). See also *Young Men's Christian Asso.* v. *Estill,* 140 *Ga.* 291 (78 S. E. 1075, 48 L. R. A. (N. S.) 783, Ann. Cas. 1914D, 136); *Wilson* v. *First Presbyterian Church,* 56 *Ga.* 554; *Jackson* v. *Forward Atlanta Commission Inc.,* 39 *Ga. App.* 738 (148 S. E. 356).

4. In accordance with the foregoing rules, the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 1, 1933.

*E. L. Reagan,* for plaintiff in error.   *Dasher & Carlisle,* contra.