25671. SLATEN v. COLLEGE PARK CEMETERY COMPANY, for use, *et al.*

SUTTON, J. 1. A contract whereby, for $1000 payable $100 at once, and $25 on the 9th day of each succeeding month until the purchase-price is paid in full, the plaintiff sells certain cemetery lots to the defendant, in which contract plaintiff, on failure of defendant to pay a monthly instalment within thirty days after it accrues, is given the option (upon ten days notice by mail to defendant, during which time defendant may pay up all past-due instalments and restore the contract) either to declare the remaining balance of the instalments due and enforce payment of the entire purchase-money, or terminate the contract and retain all money paid by defendant as liquidated damages, is an entire contract; and in such a case the statute of limitations does not begin to run until after the date the last instalment of the purchase-money becomes due under the contract. *Dolan* v. *Lifsey*, 19 *Ga. App.* 518 (91 S. E. 918); *Glass* v. *Grant*, 46 *Ga. App.* 327 (167 S. E. 727).

2. The contention of the defendant, that thirty days after he first defaulted in the payment of the monthly instalments, September, 1929, this being when he would have been liable under the contract for the entire balance had the plaintiff elected to give him the notice therein specified (which was not done), was the date from which the statute of limitations began to run, is without merit. Under the decision of this court in *Glass* v. *Grant*, supra, and cit., the statute of limitations as to a contract like the present one, a simple contract in writing, does not begin to run until after the maturity of the last instalment, which in this case was April 9, 1931; and consequently the suit would not be barred by the statute of limitations until the expiration of six years from this last-mentioned date. The judge properly so held.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 29, 1936.

*Clifford Hendrix, Hendrix & Buchanan,* for plaintiff in error. *Woodruff & Ward,* contra.