42687.   HUNTER v. BENAMY REALTY COMPANY.

ARGUED APRIL 4, 1967—DECIDED JUNE 8, 1967.

*Huie & Harland, Harry L. Cashin, Jr.,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Donald A. Weissman, Robert W. Beynart,* for appellee.

BELL, Presiding Judge. 1. Defendant has expressly waived any error in the trial court's ruling on demurrer by reason of the plaintiff's failure to allege compliance with licensing requirements of an Act of 1925, p. 325, as amended, for real estate brokers and salesmen. See *Code Ann.* §§ 84-1401, 84-1413; *Mayo v. Lynes,* 80 Ga. App. 4, 6 (55 SE2d 174).

2. The fact that plaintiff was not a party to the new lease contract between defendant and Gillespie-Rogers-Pyatt Company will not affect the result in this case. This is an action upon the agreement to pay commissions incorporated in the orig-

inal lease contract and not an action upon the new lease. See *Reid v. Morrison,* 31 Ga. App. 613, 614 (6) (121 SE 860).

Nor is it material that plaintiff did not procure as lessee Gillespie-Rogers-Pyatt Company, the assignee of the original lessee. Gillespie-Rogers-Pyatt Company was a "lessee" within the meaning of the agreement to pay commissions incorporated in the original lease contract, which provided, " 'Lessee' . . . if this lease shall be validly assigned . . . shall include also lessee's assignees. . ."

Thus the new lease between defendant and Gillespie-Rogers-Pyatt Company was a "new lease" within the broad terms of the stipulation that "Lessor agrees . . . if a new lease is entered into between lessor and lessee covering the leased premises . . . to pay agent 5% of all rentals paid to lessor by lessee under such . . . new lease."

Plumbing Industry Program, Inc. v. Good, (Fla. App.) 120 S2d 639, and similar cases collected in Ann. 79 ALR2d 1063 are not applicable here. In the Good case the brokerage agreement provided for payment of an additional commission only if the lessee should exercise its option to renew or extend the original lease, not if the lessor and lessee should enter into a new lease on different terms. The term "new lease," used here, would embrace not only a renewal of the original lease on substantially the same terms, but a completely new agreement employing drastically different terms as well, so long as the new lease covered the same "premises, or any part thereof."

Defendant conveyed the premises, together with his interest in the new lease contract to Thompson, who was not bound by the commission agreement, as it was not a covenant running with the land. *Goldberg v. Varner,* 72 Ga. App. 673, 678 (34 SE2d 722). But defendant could not thus defeat plaintiff's right to its commission. Defendant himself remains bound by the commission agreement. The principles applied in *Bush v. Mattox,* 116 Ga. 42 (42 SE 240) and *Miller v. Adams-Cates Co.,* 64 Ga. App. 858 (14 SE2d 220) are applicable here.

In *Bush v. Mattox,* 116 Ga. 42, supra, Mattox, a lessee of convicts, employed Bush to procure someone to sublet them, and agreed to pay Bush all sums above $14 per month paid to Mat-

tox for each convict sublet. Bush procured Sharpe, who contracted to pay Mattox $16 per capita. Subsequently Mattox, without Bush's consent, voluntarily reduced the amount from $16 to $14. In a suit by Bush against Mattox to recover his commissions, the Supreme Court held: "If Mattox voluntarily reduced the contract price from $16 to $14 without the consent of Bush, he is liable to the latter . . . it was his loss and not that of Bush. Mattox had no right voluntarily to give away Bush's interest in the convict hire. Being entitled to collect more than $14, when he received that amount in full satisfaction of what he could have collected, it was the same, relatively to Bush, as though Mattox had actually received the full amount. If Mattox had so desired, he could have released Sharpe altogether from paying for the convicts, but he could not thereby release himself from his obligation to Bush."

In *Miller v. Adams-Cates Co.*, 64 Ga. App. 858, supra, the defendant broker employed Miller as its subagent to procure a lessee for certain real estate and agreed to pay Miller a commission of 25 percent of the commission paid to defendant. Miller procured a lessee for the property and subsequently the defendant, the lessor and the lessee agreed to cancel the lease. In a suit to recover Miller's commission, this court, following *Bush v. Mattox*, 116 Ga. 42, supra, held that actual payment of defendant's commission by the lessor was not a condition precedent to defendant's obligation to pay Miller's commission.

Following the *Bush* and *Miller* cases, we reject defendant's contention that payment by Gillespie-Rogers-Pyatt Co. of rentals under the new lease is a condition precedent to plaintiff's right to its commission. The full amount of the commission was not certain, because of the provision for an additional commission in the event of a new lease or an extension of the original lease. But it is clear that plaintiff in this case had earned its commission when it obtained the Deka Corporation as the original lessor of the premises. For cases involving commissions on sales see, e.g., *Odell v. Dozier*, 104 Ga. 203 (30 SE 813); *Payne v. Ponder*, 139 Ga. 283, 288 (77 SE 32); *Georgia Iron &c. Co. v. Rogers, Brown & Co.*, 12 Ga. App. 429 (1) (77 SE 213).

Moreover, we feel that after defendant conveyed the premises

to Thompson there no longer subsisted a condition as to the *time* of payment of the commission, as distinguished from a condition to the creation of the obligation. Cf. *MacLeod v. Belvedale, Inc.,* 115 Ga. App. 444 (3) (154 SE2d 756). The commission agreement liberally provided a method by which defendant could relieve himself of his obligation to plaintiff in the event he sold the leased premises. As defendant failed to avail himself of this provision, he remains in the position of lessor relatively to plaintiff. And having transferred his right to receive the rental installments, he has thus vitiated the temporal condition upon the payment of plaintiff's commission.

In light of the foregoing, it is apparent that the breach of contract disclosed by the petition is not defendant's refusal to continue paying plaintiff's commission on monthly rental installments after conveying the premises to Thompson, for the defendant has paid the commission on all rental installments received by him. Instead, the breach of contract on which this action rests is defendant's act of placing it outside his power to collect the rental installments out of which plaintiff had the right to be paid its commission. *Melton v. Hubbard,* 135 Ga. 128 (3) (68 SE 1101); *Potts-Thompson Liquor Co. v. Potts,* 135 Ga. 451, 463 (9) (69 SE 734); and *Martin v. McLain,* 51 Ga. App. 336, 340 (180 SE 510), cited by defendant, and similar cases are not applicable here, as this is not simply an action to recover installment payments, part of which are not due. Under the facts alleged in the petition, plaintiff is entitled to recover as damages the full amount of the remainder of the commission which it was entitled to receive out of rentals provided by the new lease contract to the end of the term, reduced to its present cash value. See *Metropolitan Life Ins. Co. v. Day,* 145 Ga. 425, 429 (89 SE 576).

The trial court did not err in overruling defendant's general demurrer to Count I of the amended petition.

3. Defendant's special demurrer number 14 to the amended petition objects to Paragraph 13 of the petition and moves to strike this paragraph on the ground that it alleges a conclusion of the pleader. The substance of this paragraph is that defendant's refusal to pay plaintiff's commission constitutes bad faith,

for which plaintiff is entitled to recover reasonable attorney's fees. A mere refusal to pay a disputed claim does not imply bad faith such as will authorize the allowance of expenses of litigation in an action ex contractu. See *Traders Ins. Co. v. Mann,* 118 Ga. 381, 385 (45 SE 426); *McKenzie v. Mitchell,* 123 Ga. 72, 75 (51 SE 34); *State Mut. Ins. Co. v. McJenkin Ins. &c. Co.,* 86 Ga. App. 442, 445 (71 SE2d 670); *Edwards-Warren Tire Co. v. Coble,* 102 Ga. App. 106, 114 (115 SE2d 852). It was error to overrule this demurrer.

The trial court's judgment overruling the 15th ground of special demurrer to the amended petition is moot.

*Judgment affirmed in part; reversed in part. Jordan and Pannell, JJ., concur.*