SWANN, Judge.
In July 1964 the Kendix Corporation was the lessee for 99 years of certain properties known as the Kendix Building. On July 16, 1964 it leased certain office space in the Kendix Building to a tenant, Seymour Z. Beiser. The written lease with Beiser gave him an option to renew. It also provided that Abbot Realty was the broker and that the lessor (Kendix Corporation) would pay Abbot a commission for the term of the lease and for any succeeding terms of renewals thereof.
Later, Kendix Corporation assigned its interest in the 99 year lease to the Pearys. The Pearys ultimately assigned their interest in the 99 year lease to William E. Silver and they also assigned to Silver the tenant leases in the Kendix Building. Silver assumed no obligations or liabilities in the assignment of the tenant leases.
In 1969 Beiser exercised the option in his lease and renewed his sublease for office space in the Kendix Building for five years. Abbot sued Silver to recover the monies allegedly due it as a brokerage commission for the renewal of the lease. The trial judge rendered a final judgment for Abbot and Silver has appealed.
 The only point on appeal concerns the liability, if any, of Silver. Similar agreements have been held to be personal covenants and as such they do not run with the land. If a covenant is personal it binds only the original parties and those who may assume its obligation and upon a transfer of a lease the transferee takes free of the obligation of any personal covenant appearing in the lease. See James Talcott, Inc. v. Roy D. Warren Commercial, Inc., 120 Ga.App. 544, 171 S.E.2d 907 (1969); Spivak v. Madison—54th Realty Co., 60 Misc.2d 483, 303 N.Y.S.2d *39 128 (1969), and 51C C.J.S. Landlord & Tenant § 44[3].
The same rule applies in cases involving the liability of purchasers of the premises or the land. Cf. Hunter v. Benamy Realty Company, 115 Ga.App. 829, 156 S.E.2d 160 (1967); Blasser v. Cass, 158 Tex. 560, 314 S.W.2d 807 (1958); and Keyes Company v. Frazier, Fla.App.1968, 213 So.2d 276.
The final judgment herein appealed is reversed and the cause remanded with directions to enter final judgment for the defendant Silver.
It is so ordered.