A98A0715. BRACKETT v. CARTWRIGHT.
(499 SE2d 905)

ELDRIDGE, Judge.

On March 5, 1996, in the Superior Court of Clark County, Wayne F. Brackett, plaintiff-appellant, filed a dispossessory warrant against his tenant, Marion L. Cartwright, defendant-appellee, for the property leased at 585 South Harris Street, Athens, contending that the defendant owed rent in the amount of $22,635.43 and overdue ad valorem taxes in the amount of $8,957.34. The defendant answered, denied such allegations, and demanded a jury trial. A copy of the lease was attached to the verified answer.

The lease, which began in 1970, ran for a term of twenty-five years and had a renewal provision for two additional ten-year periods; the initial rent was $450 per month. Rent increased to $475 in the first renewal period and to $500 for the second renewal period. The plaintiff agreed in the lease to pay the ad valorem taxes for 1970 and thereafter at the 1970 tax amount, while the defendant agreed to pay any increase in the ad valorem tax above such amount.

The building burned in December 1970, and the plaintiff did not rebuild on the property until 1977 or 1978; the parties orally departed from the written lease by reducing the rent by $200 per month until the rebuilding. Prior to 1978, the defendant paid no increase in taxes above the 1970 ad valorem taxes. After the rebuilding, the parties orally agreed to divide the taxes differently from the terms of the lease. Plaintiff orally agreed to pay the ad valorem taxes on the land, and the defendant orally agreed to pay the taxes on the new improvements. However, even though the taxes on the land alone went up, the defendant did not pay any increase in the taxes on the land alone above the 1970 level of ad valorem taxes as provided in the lease.

In 1978, plaintiff wrote the defendant and requested that he pay the amount of the tax increases for the prior years. The defendant allegedly requested copies of the tax bills, but the plaintiff contended that he never received the requests for the tax bills. Although the defendant did not pay the tax increases during the term of the lease, the plaintiff did nothing to make further demand or to collect the alleged arrearage for taxes until the defendant sought to renew the lease on April 14, 1994.

On July 13, 1994, the plaintiff gave the defendant's lawyer specification of deficiencies and notice of default, on the original lease, with 30 days to cure the default under the terms of the lease. On August 14, 1994, after the lapse of 30 days with no cure of the default, plaintiff declared a default and demanded immediate possession. On March 5, 1996, the plaintiff commenced this action on the original lease.

At the close of plaintiff's case, the defendant moved for a partial directed verdict as to damages that had accrued prior to March 6, 1976, because the claim was barred by the statute of limitation. The trial court granted the motion. The plaintiff, at the close of all the evidence, moved for directed verdict as to the right of possession as a result of default, which the trial court denied.

On August 20, 1997, the jury awarded the plaintiff $15,551.95, but found that the plaintiff was not entitled to recover possession of the leased premises. Judgment was entered on August 20, 1997. Plaintiff filed his notice of appeal on September 17, 1997.

1. Plaintiff's first enumeration of error is that the trial court erred in granting a partial directed verdict for the defendant. We do not agree.

"The standard for directed verdict and j.n.o.v. is the same. 'Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed.' *Pendley v. Pendley*, 251 Ga. 30 (302 SE2d 554) [(1983)]." *Rockdale Body Shop v. Thompson*, 222 Ga. App. 821, 822 (1) (476 SE2d 22) (1996).

Plaintiff is correct that the defendant failed to raise the statute of limitation, an affirmative defense, either in the answer or the pre-trial order. The pre-trial order reads in part that it "supersedes the pleadings which may not be further amended except by order of this court to prevent manifest injustice." However, OCGA § 9-11-15 (b) provides that, at trial, the pleadings are deemed automatically amended to conform to the evidence that has been admitted without objection; therefore, an affirmative defense may be asserted for the first time at trial. See *Borenstein v. Blumenfeld*, 250 Ga. 606 (299 SE2d 727) (1983); *McDonough Constr. Co. v. McLendon Elec. Co.*, 242 Ga. 510 (250 SE2d 424) (1978); *Rockdale Body Shop v. Thompson*, supra; *Gresham v. White Repair &c. Co.*, 158 Ga. App. 235 (279 SE2d 528) (1981). "As a general rule, a pretrial order, when entered, controls the subsequent course of the action and serves to limit the issues for trial, unless modified at trial to prevent manifest injustice. OCGA § 9-11-16 (b). However, OCGA § 9-11-16 (b) (Rule 16 (b)) must always be considered in light of the *mandatory* provisions of OCGA § 9-11-15 (b) (Rule 15 (b)). (Emphasis in original.) *Carreras v. Austell*

*Box Board Corp.*, 154 Ga. App. 135, 138 (2) (267 SE2d 792) [(1980)]." (Punctuation omitted.) *Rockdale Body Shop v. Thompson*, supra at 822 (2). Therefore, the pleadings were automatically amended to conform to the evidence, and OCGA § 9-3-23, regarding the statute of limitation, attached as to claims prior to March 1976. The evidence was not in dispute as to this issue.[1] As such, the trial court did not err in granting a partial directed verdict.

2. The second enumeration of error is that the trial court erred in denying the plaintiff's motion for a directed verdict returning possession of the property in question to the plaintiff. We do not agree.

OCGA §§ 13-4-4 and 13-4-5 are raised by the evidence, because the express terms of the contract, without amendment, were mutually departed from regarding the rent and the way the taxes were to be calculated and paid. This went on for a substantial period of time. Defendant never paid the tax increase on the land, and after 1978, the plaintiff took no action until the defendant sought to exercise the option to renew.

Paragraph 14 of the lease provides that notice of default must be given with an opportunity to cure. It provides that the lessee must receive written notice of any termination during default; however, the lease does not specify how notice shall be made upon the lessee. Thus, there was a conflict in the evidence, and a jury question existed as to whether or not notice to the defendant's lawyer was reasonable notice of default and provided an opportunity to cure.

If there is any conflict in material issues, then a directed verdict is not proper. "The standard of appellate review of a trial court's denial of a directed verdict motion is the 'any evidence' standard. *Mattox v. MARTA*, 200 Ga. App. 697, 698 (1) (409 SE2d 267) [(1991)]." *Rockdale Body Shop v. Thompson*, supra at 822 (1). Under such standard, the trial court did not err in denying plaintiff's motion for directed verdict as to this issue.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

---

[1] OCGA § 44-6-100 (a) creates an estate for years; under this lease for more than 20 years, made under seal, it is an estate. *Ward v. McGuire*, 213 Ga. 563 (100 SE2d 276) (1957). Where certain terms of usage of the leasehold interest are placed upon the lease or the lease is for less than five years, then the lease passes a usufruct only, which could be an installment contract. *Camp v. Delta Air Lines*, 232 Ga. 37 (205 SE2d 194) (1974). An estate for years does not come under OCGA § 13-6-14 as an installment contract; therefore, *Thimble Square v. Frost*, 221 Ga. App. 379 (471 SE2d 305) (1996) is inapplicable to this case. Further, *Wall v. C & S Bank*, 153 Ga. App. 29, 31 (264 SE2d 523) (1980), was decided not under OCGA § 13-6-14, which is applicable to installment contracts, but under the Uniform Commercial Code, which is applicable to notes and other negotiable instruments. OCGA §§ 11-3-105; 11-3-109; 11-3-603. Thus, the statute of limitation commenced to run on each rental payment as it became due.

DECIDED MARCH 24, 1998.

*David W. Griffeth*, for appellant.
*Alan M. Alexander, Jr.*, for appellee.