A00A2394. NOLAN ROAD WEST, LTD. v. PNC REALTY
HOLDING CORPORATION OF GEORGIA et al.
A00A2395. BRANNEN/GODDARD COMPANY et al. v. BAKER.

(544 SE2d 750)

BARNES, Judge.

These appeals involve two separate complaints seeking real estate rental commission payments. In one complaint, Brannen/Goddard Company (B/G) and King Industrial Realty, Inc. (King), real estate brokers, sued PNC Realty Holding Corporation of Georgia (PNC) and Nolan Road West, Ltd. (Nolan), alleging that either PNC or Nolan owed them real estate commissions for procuring a tenant. The tenant leased commercial property owned first by Nolan, which then transferred the property to PNC.

After the property was leased, Nolan entered into a commission agreement with B/G and King that called for Nolan to pay commissions during the term of this lease, any extension or renewal of the lease, or during any new lease of the property by the same tenant. After Nolan transferred the property to PNC, however, the commission payments ceased. Nolan claims that PNC assumed the obligation to pay commissions due when PNC entered into a lease assignment agreement with Nolan after the property transfer.

PNC moved for summary judgment, claiming that it did not agree in its lease assignment to assume Nolan's obligation to pay commissions to B/G and King. After the trial court granted the motion, this Court affirmed the grant of summary judgment to PNC in *Brannen/Goddard Co. v. PNC Realty Holding Corp.*, 238 Ga. App. 387 (519 SE2d 35) (1999), because we found "no ambiguity in the lease assignment agreement with respect to whether PNC assumed Nolan's obligations under the 1987 commission agreement, and we conclude that nothing therein can be construed as providing that PNC assumed those obligations." Id. at 389.

The second complaint was filed while the original action was pending below after remand. B/G and Jack Rich, an agent of King, filed the complaint against Nolan's former general partner, James M. Baker, seeking real estate commissions under the same lease agree-

ment involved in the suit against Nolan and PNC. The trial court held a consolidated hearing on November 9, 1999, and issued several orders that have been appealed to this Court.

In Case No. A00A2394, Nolan appeals the trial court's grant of summary judgment to PNC in Nolan's cross-claim against PNC for commissions allegedly owed to B/G. Nolan further appeals the trial court's denials of its motions to transfer venue, to dismiss for insufficiency of service, and for summary judgment against B/G and King in their action seeking commission payments from Nolan. In Case No. A00A2395, B/G and real estate agent Rich appeal the trial court's grant of summary judgment to Baker, Nolan's former general partner. For the reasons that follow, we affirm the trial court's rulings in Case No. A00A2394, but reverse the grant of summary judgment to Baker in Case No. A00A2395.

## Case No. A00A2394

1. Nolan appeals the trial court's grant of summary judgment to PNC on Nolan's cross-claim against PNC for any commissions that Nolan owes B/G. On appeal from the grant of summary judgment, this Court usually conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802-803 (500 SE2d 591) (1998). However, in this case, a de novo review is unnecessary because the issue of PNC's liability for real estate commissions has been decided adversely to Nolan in *Brannen/Goddard Co. v. PNC Realty Holding Corp.*, supra, 238 Ga. App. 387. There, we clearly held that the lease assignment agreement between Nolan and PNC was not ambiguous and that "nothing therein can be construed as providing that PNC assumed those obligations." Id. at 389.

Although the law of the case rule has been statutorily abolished, "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h).

(a) While an exception to the rule may apply when the evidentiary posture of the case changes, *Macon-Bibb County Hosp. Auth. v. Reece*, 236 Ga. App. 669, 671 (1) (513 SE2d 243) (1999), we find no such change here. Although extrinsic evidence, such as the affidavits Nolan submitted to the trial court, can be considered to explain an ambiguity, because we found no ambiguity in the lease assignment agreement between PNC and Nolan, we do not consider the parol evidence Nolan submitted. *Hartrampf v. C & S Realty Investors*, 157 Ga. App. 879, 882 (3) (278 SE2d 750) (1981).

(b) Nolan further argues that our previous ruling that PNC was

not liable does not apply because Nolan was not a party to that appeal, in which we affirmed the grant of summary judgment to PNC against B/G's claim against it. However, the law of the case still applies, "because the same parties and issues are involved and the evidentiary posture of the case remains the same." *Bruce v. Garges*, 259 Ga. 268, 270 (2) (379 SE2d 783) (1989). Despite the fact that Nolan was not a party to the previous appeal, it was a defendant in the underlying case before us and a party to the contract that the trial court construed. Nolan seeks to relitigate exactly the same issue we already decided: whether the lease assignment agreement between it and PNC was ambiguous and thus subject to interpretation. That issue was decided adversely to Nolan in *Brannen/Goddard Co. v. PNC Realty Holding Corp.*, supra, 238 Ga. App. 387.

Accordingly, our previous ruling that PNC is not liable for Nolan's obligations is binding here, and we affirm the trial court's grant of summary judgment to PNC on Nolan's cross-claim. *Day v. State*, 242 Ga. App. 899, 900 (1) (531 SE2d 781) (2000).

2. Nolan appeals the trial court's denial of its motion to transfer venue from Fulton County to Clayton County following the grant of summary judgment to co-defendant PNC, a Fulton County corporation. Nolan argues that, without PNC, the residence of its limited partner in Fulton County is insufficient to confer venue against Nolan, which was formed and operates in Clayton County.

The Georgia Constitution provides that "suits against . . . copartners . . . residing in different counties may be tried in either county." Art. VI, Sec. II, Par. IV, Ga. Const. of 1983. Further, "the constitutional and statutory provisions as to venue of suits against partners must apply to a limited partnership." *Farmers Hardware &c. v. L.A. Properties*, 136 Ga. App. 180, 181 (220 SE2d 465) (1975). Therefore, because Nolan concedes that one of its limited partners resides in Fulton County, the trial court did not err in denying its motion to transfer venue from Fulton County to Clayton County.

3. Nolan asserts that the trial court erred in denying its motion to dismiss the complaint for insufficient process and insufficient service of process because B/G did not plead in its complaint for the issuance of a second original. Nolan further argues that the clerk of Fulton County Superior Court did not "issue process, accompanied by a second original, addressed to the Sheriff of the county where the non-resident defendant may be served. . . ."

Neither OCGA § 9-11-4 nor § 9-11-8 requires that a plaintiff plead specifically for issuance of a second original. Further,

[u]nder the Civil Practice Act (CPA), it is immaterial whether the Sheriff of [Fulton] County or the Sheriff of [Clayton] County personally served Appellant or whether

that service was accomplished by delivery of the original or second original. OCGA § 9-11-4 (c), (f). When presented with this issue in *Tuggle v. Tuggle*, 251 Ga. 845, 846 (310 SE2d 224) (1984), the late Justice Weltner observed for a unanimous Court that "we have long ago departed that realm of law where runes and sigils supplant reason and substance." [Cit.] . . . It is undisputed that Appellant was served personally with the complaint and summons by an authorized person.

*Elrod v. Elrod*, 272 Ga. 188, 189 (1) (526 SE2d 339) (2000). Accordingly, the Superior Court of Fulton County properly held that it had personal jurisdiction over Nolan.

4. Finally, Nolan appeals the trial court's denial of its motion for summary judgment, arguing that B/G "did not present any competent evidence. of present consideration to support the Commission Agreement." Nolan contends that, because consideration is an essential element of a contract, the trial court erred in denying its motion for summary judgment.

However, a review of the record reveals sufficient evidence of consideration to present a genuine issue of material fact. For example, an associate broker with B/G and a broker with King submitted affidavits describing their efforts in securing a commercial tenant for Nolan's property that resulted in the commission agreement at issue here. The trial court did not err in denying Nolan's motion for summary judgment. *Mathews v. Brown*, 235 Ga. 454, 456 (219 SE2d 701) (1975); see *Boot v. Beelen*, 224 Ga. App. 384 (480 SE2d 267) (1997).

### Case No. A00A2395

B/G and real estate agent Rich appeal the trial court's grant of summary judgment to Baker, Nolan's former general partner who signed the commission agreement in November 1987. As in the summary judgment order in Case No. A00A2394 discussed previously, the trial court did not set out any grounds for granting the motion. As neither party made argument here or at the trial court regarding the propriety of B/G filing a separate cause of action against Baker, rather than seeking to add him as a defendant to the existing suit against Nolan, we do not address that issue. But see *North Augusta Assoc. v. 1815 Exchange*, 220 Ga. App. 790, 793-794 (2) (469 SE2d 759) (1996).

5. Baker argues vociferously for more than ten pages of his brief that we cannot consider B/G's arguments at all. Baker asserts that B/G failed to file a transcript of the November 9, 1999 hearing on his motion for summary judgment and other motions. However, two cop-

ies of the hearing transcript were filed in companion Case No. A00A2394. As the Supreme Court of Georgia has noted, "The strict adherence to [former] rules prohibiting judicial cognizance by a trial court of records in its own court and of this Court taking cognizance of records in other cases before this court frustrates the policy of judicial economy." *Petkas v. Grizzard*, 252 Ga. 104, 107 (312 SE2d 107) (1984). This Court frequently takes judicial notice of records and transcripts in companion cases, see *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208, 213 (2) (367 SE2d 43) (1988), and will do so in this case.

6. Baker argued five grounds to the trial court in support of his motion for summary judgment: (1) the statute of limitation expired before B/G filed suit; (2) his withdrawal as general partner in 1991 relieved him of liability for partnership debts incurred after that time; (3) the commission agreement lacked consideration; (4) the commission agreement ended when the tenant terminated its second lease; and (5) PNC assumed Nolan's liability under the commission agreement.

We earlier disposed of grounds three and five, concluding that some evidence exists that the commission agreement was supported by consideration and that PNC did not assume Nolan's commission liability. We will address the remaining three arguments.

7. B/G sued for commissions on rental payments made from January 31, 1992, through March 31, 1997, plus any rent paid under any renewal leases after that date. The real estate brokerage argues that the statute of limitation had not run on the commission payments that accrued less than six years before September 10, 1998, when it filed suit against Baker. Baker argues that the statute of limitation began running when he signed the commission agreement in 1987, thus precluding B/G's suit against him.

We have previously considered the nature of such claims for real estate commissions against the original landowner who subsequently sold the property without assigning the commission agreement. The new buyer "was not bound by the commission agreement, as it was not a covenant running with the land." *Hunter v. Benamy Realty Co.*, 115 Ga. App. 829, 831 (156 SE2d 160) (1967). "But defendant [Baker] could not thus defeat plaintiff's right to its commission. Defendant himself remains bound by the commission." Id. We rejected the defendant's contention that payment by the new lessee of rentals under the new lease was a condition precedent to plaintiff's right to its commission, finding it "clear that plaintiff in this case had earned its commission when it obtained the . . . original lessor of the premises." Id. at 832. We concluded that

the breach of contract disclosed by the petition is not defend-

ant's refusal to continue paying plaintiff's commission on monthly rental installments after conveying the premises to [a new owner], for the defendant has paid the commission on all rental installments received by him. Instead, the breach of contract on which this action rests is defendant's act of placing it outside his power to collect the rental installments out of which plaintiff had the right to be paid its commission.

Id. at 833.

Under the analysis in *Hunter*, the breach of contract at issue in this case occurred when Nolan conveyed its interest in the property to PNC without also assigning to PNC its obligations under the lease contract. Nolan conveyed the property to PNC on September 16, 1992, less than six years before B/G sued Baker on September 10, 1998. Therefore, Baker is not entitled to summary judgment on the ground that the statute of limitation had run.

8. Baker also argued that these lease commission obligations arose after his withdrawal as Nolan's general partner in 1991, and therefore he could not be liable for any amounts due B/G under the commission agreement. "A general partner in a limited partnership has the same rights and liabilities of a partner in an ordinary partnership." *North Peachtree I-285 Properties v. Hicks*, 136 Ga. App. 426, 432 (4) (221 SE2d 607) (1975). Further, a general partner "may become individually liable for all of the debts of the partnership." *Co-op Mtg. Investments Assoc. v. Pendley*, 134 Ga. App. 236, 239 (1) (214 SE2d 572) (1975).

OCGA § 14-8-15 provides, with exception not relevant here, that "all partners are jointly and severally liable for all debts, obligations, and liabilities of the partnership." Baker remains liable on contracts entered into while he served as general partner, see OCGA §§ 14-8-31 (a) (2); 14-8-36 (a); 14-8-41,[1] and since he was the general partner when Nolan signed the commission agreement in 1987, he was not entitled to summary judgment on the ground that he withdrew as general partner of Nolan in 1991.

9. Finally, Baker's argument that the commission agreement ended when the tenant terminated its second lease does not support the trial court's grant of summary judgment. Despite the fact that this third lease was titled "Amended and Restated Lease," the record contains sufficient evidence that the same tenant leased essentially

---

[1] OCGA § 14-8-31 (a) (2): "Dissolution is caused . . . [b]y the express will or withdrawal of any partner." OCGA § 14-8-36 (a): "The dissolution of the partnership does not of itself discharge the existing liability of any partner." OCGA § 14-8-41 describes the relationship of creditors following the withdrawal of an existing partner.

the same space under the same terms to preclude a summary judgment to Baker on this ground. *Cumberland Center Assoc. v. Southeast Mgmt. &c. Corp.*, 228 Ga. App. 571, 576-579 (492 SE2d 546) (1997), overruled on other grounds, *Atlanta Market Center Mgmt. Co. v. McLane*, 269 Ga. 604 (503 SE2d 278) (1998).

Accordingly, the trial court erred in granting summary judgment to Baker.

*Judgment affirmed in Case No. A00A2394. Judgment reversed in Case No. A00A2395. Blackburn, C. J., and Eldridge, J., concur.*

DECIDED JANUARY 29, 2001 —

*Chamberlain, Hrdlicka, White, Williams & Martin, James L. Paul, Matthew J. McCoyd,* for Nolan Road West, Ltd. and Baker.

*Morris, Manning & Martin, Lewis E. Hassett, Jessica F. Pardi, Perry A. Phillips,* for Brannen/Goddard Company et al.

*Parker, Hudson, Rainer & Dobbs, J. Marbury Rainer, Charles W. Lyons,* for PNC Realty Holding Corporation of Georgia.

