S01G0766. NOLAN ROAD WEST, LTD. v. PNC REALTY HOLDING CORPORATION OF GEORGIA et al.
(559 SE2d 447)

SEARS, Presiding Justice.

We granted certiorari to review Division 2 of the Court of Appeals's decision in *Nolan Road West, Ltd. v. PNC Realty Holding Corp.*[1] More specifically, we are concerned with whether the Court of Appeals correctly ruled that venue in a suit against a limited partnership is proper in a county to which the limited partnership's sole connection is the residence of one of its limited partners. For the reasons that follow, we conclude that, under the circumstances of this case, venue is not proper in such a county.[2]

Article VI, Sec. II, Par. IV of the Georgia Constitution provides that "[s]uits against joint obligors, joint tortfeasors, joint promisors, copartners, or joint trespassers residing in different counties may be

---

[1] 248 Ga. App. 248 (544 SE2d 750) (2001).

[2] The facts of this case are set out in the Court of Appeals's opinion and in our opinion in *Baker v. Brannen/Goddard Co.*, 274 Ga. 745 (559 SE2d 450) (2002), and will not be reiterated again here.

tried in either county." In the present case, citing *Farmers Hardware of Athens v. L.A. Properties Ltd.*,[3] for the proposition that " 'the constitutional and statutory provisions as to venue of suits against partners must apply to a limited partnership,' "[4] the Court of Appeals held that, because one of Nolan Road West's (hereinafter "Nolan") limited partners resided in Fulton County, venue was proper there even though that was Nolan's sole connection with the county.[5] We disagree with this holding.

1. First, the Court of Appeals erred in concluding that the statement from *Farmers Hardware* that the constitutional venue provision regarding copartners applied to limited partnerships mandated the ruling in this case that Nolan could be sued in the county of residence of one of its limited partners. In this regard, although *Farmers Hardware* correctly states that the constitutional venue provisions concerning partners apply to limited partnerships, it is a separate issue whether a limited partner should be considered a copartner within the meaning of that provision, and *Farmers Hardware* in no way undertook to resolve that issue. The reason it did not is that in *Farmers Hardware*, no partner, limited or general, resided in the county in which the suit had been filed.[6] The issue of venue therefore was resolved adversely to the plaintiff simply by rejecting the plaintiff's assertion that a limited partnership should be treated as an unincorporated organization or association for purposes of venue, and by instead concluding that the constitutional venue provision regarding "copartners" applied to limited partnerships.[7]

2. We now undertake to resolve whether a limited partner may be treated as a copartner for purposes of our constitutional venue provision.

In interpreting Art. VI, Sec. II, Par. IV with regard to venue against joint trespassers, we have held the provision was "evidently intended to declare what might be the venue in suits where persons were jointly liable for a tort."[8] Similarly, with regard to copartners, it is reasonable to interpret the provision to apply to partners who are jointly liable in the action at issue. The use of the prefix "co" implies just such a joint liability requirement.

We thus examine whether a limited partner of a limited partnership may be considered a copartner within the foregoing meaning of our constitutional venue provision.

---

[3] 136 Ga. App. 180 (220 SE2d 465) (1975).
[4] *Nolan Road*, 248 Ga. App. at 250, quoting *Farmers Hardware*, 136 Ga. App. at 181.
[5] Id.
[6] *Farmers Hardware*, 136 Ga. App. at 180.
[7] Id. at 181.
[8] *Cox v. Strickland*, 120 Ga. 104, 108 (47 SE 912) (1904).

> A limited partnership is . . . a form of business organization in which one or more of the owners are general partners who are personally liable to the creditors of the business and who manage the business, and in which one or more of the owners are limited partners who are not personally liable to creditors of the business.[9]

In Georgia, OCGA § 14-9-303[10] sets forth the principle that limited partners are not personally liable for the obligations of the partnership.[11]

Because we have concluded that a "partner" may only be considered a "copartner" within the meaning of Art. VI, Sec. II, Par. IV of our Constitution if the "partner" is jointly liable in the action at issue, and because limited partners are not personally liable for the obligations of the partnership, we conclude that limited partners generally cannot be considered a copartner within the meaning of Art. VI, Sec. II, Par. IV. Moreover, in the present case, because Nolan's limited partner who resides in Fulton County is not personally obligated for the damages at issue, and because Brannen/Goddard has predicated venue in Fulton County on the mere fact that the limited partner resides there, venue is not proper in Fulton County. Accordingly, we reverse the Court of Appeals's holding to the contrary.

*Judgment reversed. All the Justices concur.*

---

[9] Ribstein, *An Applied Theory of Limited Partnership*, 37 Emory L.J. 835, 840 (1988) (Professor Ribstein served as Reporter to the Joint Committee on Partnership Law of the Real Property and Corporate and Banking Law Sections of the State Bar of Georgia, and he also prepared the comments for the Georgia Revised Uniform Limited Partnership Act).

[10] OCGA § 14-9-303 provides that "[a] limited partner is not liable for the obligations of a limited partnership by reason of being a limited partner and does not become so by participating in the management or control of the business." This provision in the Georgia Revised Uniform Limited Partnership Act ("Georgia RULPA") differs from the corresponding provision in the official Revised Uniform Limited Partnership Act ("Official RULPA"), drafted in 1976 (and amended in 1985) by the National Conference of Commissioners on Uniform State Laws. See § 303 of the Official RULPA. Under certain circumstances, the Official RULPA imposes liability upon a limited partner when the limited partner participates in the control of the partnership. Thus, the Georgia RULPA provides for less potential personal liability for a limited partner than does the Official RULPA.

[11] Limited partners, however, are not without risk for the obligations of the partnership. In a limited partnership, the limited partners agree to make a contribution to the partnership in exchange for their interest in the partnership, and this capital contribution is at risk for partnership obligations. Ribstein, 37 Emory L.J. at 840. OCGA § 14-9-502 codifies in Georgia the general principle that a limited partner does risk the contribution he or she is required to make to the partnership. Because Brannen/Goddard does not attempt to recover any capital contribution from Nolan's limited partner, we do not undertake to determine how such an obligation by the limited partner is enforced or the effect such an obligation would have on the issue whether a limited partner may be considered a "copartner" within the meaning of our constitutional venue provision.

DECIDED FEBRUARY 4, 2002.

*Chamberlain, Hrdlicka, White & Williams, James L. Paul, Matthew J. McCoyd,* for appellant.

*Morris, Manning & Martin, Lewis E. Hassett, Jessica F. Pardi, Parker, Hudson, Rainer & Dobbs, J. Marbury Rainer, Charles W. Lyons, Perry A. Phillips,* for appellees.