S01G0920. BAKER v. BRANNEN/GODDARD COMPANY et al.
(559 SE2d 450)

CARLEY, Justice.

We granted certiorari to review Divisions 5 and 7 of *Brannen/Goddard Co. v. Baker*, 248 Ga. App. 248, 251-253 (544 SE2d 750) (2001). The case concerns the interplay between two successive Fulton County lawsuits, each of which seeks recovery of the same real estate commission. It also raises issues as to the relationship between the two separate appeals filed in connection therewith.

The original action was brought by Brannen/Goddard Company (B/G) and King Industrial Realty, Inc. (King) against PNC Realty Holding Corporation of Georgia (PNC) and Nolan Road West, Ltd. (Nolan), a limited partnership headquartered in Clayton County. In 1987, Nolan, in its capacity as the then-owner of certain leased property, entered into an agreement to pay a commission to B/G and King as consideration for their procurement of a tenant. The commission was payable in monthly installments over the term of the lease and any extension or renewal thereof. Nolan claimed that PNC assumed the obligation to pay the commission when it purchased the property in 1992 and became the lessor. PNC denied that it assumed Nolan's obligation for the commission, and moved for summary judgment. The trial court granted PNC's motion, and the Court of Appeals affirmed. *Brannen/Goddard Co. v. PNC Realty Holding Corp.*, 238 Ga. App. 387 (519 SE2d 35) (1999). Accordingly, the original action proceeded against Nolan. For purposes of this appeal, that proceeding will be referred to as the "Nolan Action."

During the pendency of the Nolan Action, the other lawsuit was filed, in which B/G and Jack Rich, an agent of King, sought to recover the same commission from Baker, who was a former general partner in Nolan. For purposes of this appeal, that case will be referred to as the "Baker Action."

The lawsuits were assigned to different trial judges, and the parties objected to the consolidation of the two proceedings. However, the judge who was handling the Baker Action eventually transferred

that case to the judge to whom the Nolan Action was assigned. Thereafter, the two cases, though technically remaining separate, were both pending before the same trial judge. In November of 1999, the trial court held a consolidated hearing and issued orders in both cases. Nolan filed a notice of appeal in the Nolan Action, and B/G and Rich filed a notice of appeal in the Baker Action. In each notice of appeal, Appellant requested that the record include a copy of the transcript of the November 1999 hearing. Due to an apparent clerical error below, however, two transcripts were filed in the Nolan Action and none was filed in the Baker Action. B/G and King moved to supplement the record in the Baker Action with a transcript. By order, the Court of Appeals noted that the record in the pending Nolan Action contained duplicate transcripts and, for that reason, denied as unnecessary the motion to supplement the record in the Baker Action.

The Court of Appeals addressed the merits of both appeals in a single consolidated opinion. *Nolan Road West v. PNC Realty Holding Corp.*, 248 Ga. App. 248 (544 SE2d 750) (2001). In the Nolan appeal, Nolan enumerated as error the denial of its motion to transfer the case to Clayton County, contending that basing venue in Fulton County as the residence of its limited partner was improper. However, the Court of Appeals affirmed that ruling. *Nolan Road West v. PNC Realty Holding Corp.*, supra at 250 (2). Nolan applied for and we granted certiorari in order to review the venue issue. Today, the holding of the Court of Appeals in that regard has been reversed in a separate opinion. *Nolan Road West v. PNC Realty Holding Corp.*, 274 Ga. 742 (559 SE2d 447) (2002).

This appeal concerns the trial court's grant of summary judgment in favor of Baker in the Baker Action, on the ground that the statute of limitations had run on any claim for the commission against him personally. The Court of Appeals reversed that ruling. *Brannen/Goddard Co. v. Baker*, supra at 252 (7). In connection with its holding, that Court noted that it had taken judicial notice of the transcript of the consolidated hearing of November 1999, even though that transcript had been filed only in connection with the appeal in the separate Nolan Action. The Court of Appeals concluded that the appeals in the Nolan and Baker Actions were "companion cases," which status authorized an appellate court to consider in both cases the record filed in either. *Brannen/Goddard Co. v. Baker*, supra at 252 (5). We granted certiorari to review both the procedural judicial notice issue and the substantive statute of limitations issue.

1. According to Baker, the Court of Appeals erred in treating the Nolan and Baker Actions as "companion cases," and that erroneous treatment was harmful to his appeal because, without the transcript, the evidence would be conclusively presumed sufficient to support

the trial court's ruling in his favor. "[W]here the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm. [Cits.]" *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981). Thus, the principle upon which Baker relies to assert harmful error applies only if the Court of Appeals' consideration of the transcript was essential to the resolution of the appeal.

The transcript at issue revealed what took place at a hearing on Baker's motion for summary judgment. In connection with such a motion, the trial court does not sit as the trier of fact, but "review[s] the evidence and determine[s] whether a prima facie case has been proven by the movant." *Dental One Assoc. v. JKR Realty Assoc.*, 269 Ga. 616, 618 (1) (501 SE2d 497) (1998). A motion for summary judgment must be filed 30 days before the hearing and can be granted only

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

OCGA § 9-11-56 (c). Thus, "[o]nly supporting material which is 'on file' at least 30 days before the hearing shall be considered for the movant." *Porter Coatings v. Stein Steel & Supply Co.*, 247 Ga. 631, 632 (278 SE2d 377) (1981). Since the purpose of the hearing is not the reception of evidence, the transcript is not usually necessary in an appeal from the grant of a motion for summary judgment. See *Executrix of the Estate of Seamans v. True*, 247 Ga. 721, 723 (3) (279 SE2d 447) (1981). Legal argument presented to the trial court as to whether the material already on file authorizes the grant of summary judgment is not evidence. "It is the evidence of record, not the assertions and objections made by counsel at the hearing, which determines the validity or invalidity of the grant of summary judgment. [Cits.]" *Dental One Assoc. v. JKR Realty Assoc.*, supra at 617-618 (1).

In the order granting Baker's motion, the trial court indicated that it considered the "pleadings, affidavits, briefs, depositions and other matters on file. The court has also considered oral argument of counsel." Thus, the trial court limited itself to the evidence which had been filed in the case and did not consider any additional evidence on behalf of Baker. *Executrix of the Estate of Seamans v. True*, supra at 723 (3). Compare *Gill v. B&R International*, 234 Ga. App. 528, 531 (1) (c) (507 SE2d 477) (1998); *Georgia Recovery v. Danley*, 215 Ga. App. 236, 237 (2) (450 SE2d 263) (1994). Moreover, Baker's motion was

based, in relevant part, upon his statute of limitations defense. Although the attorneys obviously presented opposing legal arguments as to when the applicable statute began to run, the controlling factor in that regard was the complaint bearing the date that it was filed. Under these circumstances, the transcript of the hearing was irrelevant to an appellate consideration of the grant of Baker's motion based upon the statute of limitations. Thus, we need not determine whether the Court of Appeals erred in treating the Nolan and Baker Actions as "companion cases." Even assuming without deciding that it was erroneous to characterize them as such, Baker was not harmed by the Court of Appeals' consideration of the transcript filed in the Nolan Action which contained no relevant evidence that was not otherwise of record in the Baker Action.

2. In January of 1992, Nolan filed for bankruptcy and ceased to make any commission payments and, in September of that same year, it sold the property to PNC. There is no dispute that the six-year statute of limitations applies to B/G's and Rich's claim for the unpaid commissions. OCGA § 9-3-24. The contested issue is when that statute began to run. Citing *Hunter v. Benamy Realty Co.*, 115 Ga. App. 829 (156 SE2d 160) (1967), the Court of Appeals held that the six-year period did not commence until September of 1992, when Nolan sold the property without requiring that PNC assume the obligation for the commission payments. Baker urges that the Court of Appeals erred and that he is entitled to summary judgment, because the statute started to run as to all installments in January of 1992, upon Nolan's bankruptcy and initial default on its monthly obligation to pay the commissions.

When the statute of limitations begins running on a breach of contract claim depends on whether the agreement is entire or divisible. *Douglas & Lomason Co. v. Hall*, 212 Ga. App. 475, 477 (1) (441 SE2d 870) (1994). Here, the agreement is not entire, because the contractual consideration at issue is not a single sum certain which remained unpaid after a definite due date. Compare *Wall v. C & S Bank*, 153 Ga. App. 29, 31 (4) (264 SE2d 523) (1980) (suit on promissory note containing acceleration clause), overruled on other grounds, *McKeever v. State of Ga.*, 189 Ga. App. 445, 446 (375 SE2d 899) (1988); *Slaten v. College Park Cemetery Co.*, 54 Ga. App. 451 (2) (188 SE 257) (1936) (suit on an unaccelerated purchase-money contract); *Glass v. Grant*, 46 Ga. App. 327, 328 (2) (167 SE 727) (1933) (suit on an unaccelerated promissory note). The agreement provided for the ongoing monthly payment of commissions

> during the initial [lease] term and any extension or renewal hereof. . . . [I]t being the intention of the parties that [B/G and King] shall continue to be compensated so long as the

parties hereto, their successors and/or their assigns continue the relationship to [Nolan] and Tenant which initially resulted from the efforts of [B/G and King]. . . .

Thus, the contract was for an indefinite total amount which was payable in installments over the uncertain period of the underlying tenancy. Accordingly, the commissions were only earned on a month-to-month basis as the tenant procured by B/G and King incurred the legal obligation to pay rent to Nolan or its successor or assignee. See *Douglas & Lomason Co. v. Hall*, supra at 477 (1). See also *Pope v. Read*, 152 Ga. 799 (2) (111 SE 382) (1922); *McLaughlin v. Maund*, 55 Ga. 689 (1876); *Brackett v. Cartwright*, 231 Ga. App. 536, 538 (1), fn. 1 (499 SE2d 905) (1998); *Nickerson v. Candler Building*, 156 Ga. App. 396, 399 (5) (274 SE2d 582) (1980); *Piedmont Life Ins. Co. v. Bell*, 103 Ga. App. 225, 235 (3) (119 SE2d 63) (1961).

The commissions agreement is, therefore, a divisible installment contract. See *Douglas & Lomason Co. v. Hall*, supra at 477 (1); *Martin v. McLain*, 51 Ga. App. 336 (3) (180 SE 510) (1935). In such an agreement, "the breaches occur at successive periods . . . [and] an action will lie for each breach; but all the breaches occurring up to the commencement of the action must be included therein." OCGA § 13-6-14. Unlike a payee who accelerates the remaining indebtedness evidenced by an overdue promissory note, B/G and Rich did not have an immediate claim for the entirety of all future unearned monthly installments payable under the contract. See *Brackett v. Cartwright*, supra at 538 (1), fn. 1; *Nickerson v. Candler Building*, supra at 399 (5). Baker urges an estoppel against recognition of the agreement as an installment contract, because B/G and Rich elected to treat it as an entire contract by making an unauthorized claim for accelerated unearned commissions in their complaints. However, those allegations relate solely to B/G's and Rich's remedy and, therefore, do not constitute a basis for asserting an estoppel in this proceeding. "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." OCGA § 9-2-4. Compare *Wolfork v. Tackett*, 273 Ga. 328 (540 SE2d 611) (2001); *Anderson v. Oakley*, 133 Ga. App. 758, 759 (1) (212 SE2d 875) (1975). Although B/G and Rich unsuccessfully sought unearned future commissions below, they are not estopped from obtaining a judgment inclusive of any past due commissions to which they might be entitled.

A statute of limitations begins to run "on the date that suit on the claim can first be brought." *Hoffman v. Ins. Co. of N.A.*, 241 Ga. 328, 329 (245 SE2d 287) (1978). Thus, the six-year period in this case started when the first breach of the commissions agreement

occurred. *Mobley v. Murray County*, 178 Ga. 388 (1) (173 SE 680) (1934). Had that taken place in September of 1992 when the new owner failed to assume Nolan's contractual obligation, the statute would have started running then. See *Hunter*, supra. However, that breach was preceded by the one which occurred in January of 1992, when Nolan defaulted on its obligation to pay the commissions. Because Nolan was already in default when it transferred the property, the breach which occurred in September of 1992 is irrelevant for statute of limitations purposes. Therefore, the Court of Appeals erred in holding that the six-year period did not commence until the date of that subsequent breach. The statute started running in January of 1992.

Suit was filed against Baker in September of 1998, more than six years after the statute began to run. However, claims for only those unpaid monthly installments due more than six years before the suit was filed are barred. Because the agreement is "strictly divisible, the statute will run separately as to each payment or performance when it becomes due, either as an independent obligation or as a return for an instal[l]ment of the counter-performance. [Cit.]" *Piedmont Life Ins. Co. v. Bell*, supra at 235 (3). See also *Douglas & Lomason Co. v. Hall*, supra at 477 (1). Thus, the judgment of the Court of Appeals is reversed to the extent that it allows B/G and Rich to recover for any unpaid monthly commissions due before September of 1992. Recovery is limited to the six-year period preceding the filing of the complaint and, in the event of an amendment, any unpaid installments which become due in the months subsequent to September 1998. *Nickerson v. Candler Building*, supra at 399 (5).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SEARS, Presiding Justice, concurring.

I agree with the majority that the Court of Appeals' consideration of the transcript from the *Nolan* action when deciding the present appeal was not harmful, as it did not result in the consideration of any evidence not already included in the record in this appeal. However, I believe that the Court of Appeals clearly erred by considering matters outside the appellate record in this case. If repeated, such a practice will bring uncertainty to an appellate record's limited scope, something in which litigants should have confidence. Furthermore, while there appears to be no harm in the present appeal, I am convinced that in most instances, considering matters outside of the record when deciding an appeal would result in harmful error. Therefore, I caution against this practice in future cases.

DECIDED FEBRUARY 4, 2002.

*Chamberlain, Hrdlicka, White & Williams, James L. Paul, Matthew J. McCoyd,* for appellant.

*Morris, Manning & Martin, Lewis E. Hassett, Jessica F. Pardi, Jennifer L. McKernan, Perry A. Phillips,* for appellees.

*Weissman, Nowack, Curry & Wilco, Seth G. Weissman, Steven D. Caley,* amici curiae.